**Georgie W. McCALLUM, Appellant,**

v.

**MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, a New York Corporation, Appellee.**

**No. 8004.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 15, 1960.

Decided Jan. 20, 1960.

**432**

See publication Words and Phrases, for other judicial constructions and definitions of "External Means".

———◆———

Paul M. Lipkin, Norfolk, Va. (Goldblatt & Lipkin, Norfolk, Va., on the brief), for appellant.

A. C. Epps, Richmond, Va. (William P. Dickson, Norfolk, Va., Charles W. Laughlin, Christian, Barton, Parker & Boyd, Richmond, Va., and Willcox, Cooke, Savage & Lawrence, Norfolk, Va., on the brief), for appellee.

Before SOPER, HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM.

Plaintiff, appellant, seeks to recover from Mutual Life Insurance Company, appellee and defendant below, under double indemnity provisions of life insurance policies in event of death of insured as a direct result of bodily injury effected through *external*, violent and accidental means. The District Court sustained a motion for summary judgment filed by the insurance company.

The opinion of the District Court is reported in 1959, 175 F.Supp. 3, 7. It was there stated:

"If called upon to instruct the jury on the interpretation of what is meant by the words 'external means', it would be incumbent upon this Court to find, under the uncontradicted facts, that the insured did not die from injuries solely through 'external means' * * * ."

The immediate cause of death of the insured was determined to be suffocation, due to aspiration of vomitus. There was no "mechanical lodging of food in the windpipe". The pathological diagnosis, contained in the report of autopsy, revealed "acute aspiration of gastric contents to trachea, bronchi and bronchioles" and the probable cause of death was stated as "acute aspiration of gastric contents to trachea".

We affirm and adopt the opinion of the District Court, insofar as it is based upon its interpretation of "external means" and its determination that the death of the insured was not a direct result of bodily injury effected through external means, within the meaning of the double indemnity provisions of the insurance policies.[1]

Affirmed.

---

1. The District Court referred to, and briefly discussed, the case of Landress v. Phoenix Mut. Life Ins. Co., 1934, 291 U.S. 491, 54 S.Ct. 461, 78 L.Ed. 934, which involved the construction and application of insurance policy provisions pertaining to death by accidental means. For a discussion of the applicable law in the Commonwealth of Virginia as to insurance coverage in event of death by "accidental means" see the decision of this court on rehearing, speaking through Judge Soper, American Nat. Ins. Co. v. Belch, 4 Cir., 1938, 100 F.2d 48, 50, 51.