176 So.2d 563 (1965)
Fannie Bonalene STROWMATT, Appellant,
v.
The VOLUNTEER STATE LIFE INSURANCE COMPANY, a Tennessee Corporation, Appellee.
No. 5314.
District Court of Appeal of Florida. Second District.
June 18, 1965.
Rehearing Denied July 15, 1965.
*564 Arthur D. Ginsburg, of Paderewski, Cramer & Robinson, Sarasota, for appellant.
Henry P. Trawick, Jr., of Kirk, Pinkerton, Sparrow, Trawick & McClelland, Sarasota, for appellee.
ANDREWS, Judge.
This is an appeal by the plaintiff Fannie Bonalene Strowmatt from a summary judgment entered for the defendant Volunteer State Life Insurance Company. The plaintiff is the beneficiary under a life insurance policy on the life of Charles David Strowmatt, deceased.
At the time of the death of the deceased an autopsy was performed, and the cause of death was determined to be asphyxia due to aspiration vomitus in trachea. Chemical analysis of the blood and contents of the stomach showed excessive quantities of alcohol and barbiturates. The effect of the judgment of the court was that the plaintiff was not entitled to accidental death benefits in that the death of her husband was not the result of bodily injuries effected solely and independently of all other causes through external, violent and accidental means.
The decision in this case depends on an interpretation of the words "external means." It is recognized that death caused by choking on food in an attempt to swallow same which accidentally passes into the lungs is the result of external, violent and accidental means. However, aspirated vomitus matter is not food. It may have been food at one time, but having entered the stomach it is so changed that it can no longer be classified in that category. The substance which caused the asphyxiation was inside the body and on its way out during the vomiting process, and therefore did not constitute "external means" of death of the deceased.
We are not able to find any Florida cases directly in point. The question has, however, been considered in a number of other jurisdictions. Towner v. Prudential Insurance Co. of America, La. App. 1962, 137 So.2d 449; McCallum v. Mutual Life Insurance Co. of N.Y., D.C.E.D.Va. 1959, 175 F. Supp. 3.
Affirmed.
SMITH, C.J., and McNATT, JOHN M., Associate Judge, concur.