ALLEN, Judge.
The appellant, plaintiff below, appeals from an order dismissing her complaint for failure to state a cause of action. The dismissal was without leave to amend and with prejudice, as requested by the appellant.
Appellant’s decedent entered into a contract with appellee, defendant below, for the purpose of insuring his life with appellant as beneficiary. The insurance contract contained the accidental death benefits provisions in question on this appeal.
Appellant’s decedent passed away December 31, 1966.'"As"the"'result of an autopsy, death was stated as caused by asphyxiation less than one hour after and as a direct result of vomitus being accidentally inhaled by decedent.
The court below dismissed the complaint on authority of Strowmatt v. Volunteer State Life Insurance Company, Fla.App. 1965, 176 So.2d 563. The appeal involved the following question: Did decedent die by bodily injury effected solely through external, violent and accidental means?
In the Strowmatt case, supra, the Circuit Court of Sarasota County granted a summary judgment for the insurer and the beneficiary appealed. We held that death caused by asphyxia due to aspiration vom-itus in the trachea was not effected through “external means” within the accidental death benefits provision of the policy.
In our opinion we stated:
“At the time of the death of the deceased an autopsy was performed, and the cause of death was determined to be asphyxia due to aspiration vomitus in trachea. Chemical analysis of the blood and contents of the stomach showed excessive quantities of alcohol and barbiturates. The effect of the judgment of the court was that the plaintiff was not entitled to accidental death benefits in that the death of her husband was not the result of bodily injuries effected solely and independently of all other causes through external, violent and accidental means.
“The decision in this case depends on an interpretation of the words ‘external *317 means.’ It is recognized that death caused by choking on food in an attempt to swallow same which accidentally passes into the lungs is the result of external, violent and accidental means. However, aspirated vomitus matter is not food. It may have been food at one time, but having entered the stomach it is so changed that it can no longer be classified in that category. The substance which, caused the asphyxiation was inside ■the body and on its way out during the vomiting process, and therefore did not constitute ‘external means’ of death of the deceased.
“We are not able to find any Florida cases directly in point. The question has, however, been considered in a number of other jurisdictions. Towner v. Prudential Insurance Co. of America, La.App. 1962, 137 So.2d 449; McCallum v. Mutual Life Insurance Co. of N. Y., D.C. E.D.Va.1959, 175 F.Supp. 3.”
The complaint of the plaintiff against Southern Life and Health Insurance Company states:
“4. Said contract No. 8212825 specified, among other things, that defendant would pay the accidental death benefit upon due proof that Edward E. Hatcher:
“ ‘ * * * sustained bodily injury, solely through external, violent and accidental means * * * and resulting in the death of the Insured within 90 days from the date of such bodily injury. * * * >
“5. Said contract No. 8491327 specified, among other things, that defendant would pay the accidental death benefit upon due proof that the insured:
“ ‘ * * * has sustained bodily injuries effected solely through external, violent and accidental means, which are evidenced by visible contusion or by wound on the exterior of the body (except in the case of drowning or internal injuries revealed by autopsy) and which results within ninety (90) days of its occurrence in the death of the Insured. * * * ’
“* * *
“9. As revealed by autopsy, Edward E. Hatcher died of asphyxiation less than one hour after and as the direct result of vomitus being accidentally inhaled by him, and therefore he died by bodily injury effected solely through external, violent and accidental means.”
Thus, it can be seen by quotations from the above complaint that it falls within the purview of the Strowmatt case, supra, and therefore fails to state a cause of action.
Affirmed.
LILES, C. J., and HOBSON, J., concur.