AMERICAN INSTITUTE OF MARKETING SYSTEMS, INC. v. WILLARD REALTY COMPANY, INC., OF RALEIGH

No. 20

(Filed 14 October 1970)

1. **Constitutional Law § 26; Judgments §§ 22, 51— foreign judgment — lack of jurisdiction over person of defendant**

    If the court of another state which rendered judgment *in personam* against defendant did not have jurisdiction over the person of defendant, the judgment is void even in such other state.

2. **Judgments § 51— action to enforce foreign judgment — determination of whether summons was properly served in foreign state**

    When suit is brought in a court of this State upon a judgment rendered by a court of another state, before reaching any question as to the validity of a statute of such other state purporting to provide a substitute for personal service of process upon a nonresident thereof, or any question as to the validity and effect of a purported appointment by the defendant of an agent for the service of process upon him in the other state, the courts of this State must first determine whether summons was served in accordance with the law of the state in which the judgment was rendered.

3. **Judgments §§ 1, 17— lack of jurisdiction over person of defendant — void judgment**

    Unless one named as a defendant has been brought into court in some way sanctioned by law, or makes a voluntary appearance in person or by attorney, the court has no jurisdiction of the person and judgment rendered against him is void.

4. **Constitutional Law § 26; Judgments §§ 22, 51— validity of foreign judgment — laws of foreign state**

    The validity and effect of a judgment of another state must be determined by reference to the laws of the state wherein the judgment was rendered.

Marketing Systems v. Realty Co.

5. Constitutional Law § 26; Judgments § 51; Evidence § 2— judicial notice — law of another state

In determining the validity and effect of a judgment rendered in another state, the Supreme Court is required by G.S. 8-4 to take judicial notice of the law of such other state.

6. Constitutional Law § 26; Judgments § 51— foreign judgment — full faith and credit — transcript shows invalid service of summons

Where it appears on the face of the transcript of a default judgment rendered against defendant corporation in Missouri that the purported service of process on an alleged agent of defendant for service of process in that state was "by leaving a true copy hereof at the regular business office of the within named appointed agent," but the return does not purport to show a delivery of the summons to the named agent or to any person in the office or that anyone was present in the office when the constable left the summons therein, the transcript shows that service of summons upon defendant was attempted by a method not authorized by Missouri statute or by the rules of court of that state, and the district court erred in giving full faith and credit to the Missouri judgment.

ON *certiorari* to the Court of Appeals to review its decision affirming a judgment for the plaintiff rendered by the District Court of WAKE County.

The plaintiff instituted this action in the District Court of Wake County for the recovery of $1,369.00 alleged to be due it from the defendant upon a default judgment entered by the Magistrate's Court of the Seventh District, St. Louis County, Missouri, on 13 February 1968. The defendant filed an answer alleging that the Missouri judgment is not valid for the reason that the court in which it was rendered had no jurisdiction over the defendant.

At the trial in the District Court of Wake County, the evidence for the plaintiff consisted of a certified transcript of the judgment entered by the Missouri court. In addition to reciting the entry by that court of the judgment, the transcript states:

"January 22, 1968, Issued Summons for above named defendant, returnable on the 13th day of February, 1968, at 9:30 o'clock A.M. and delivered the same to the Constable of Second District, St. Louis County, Missouri.

"January 30, 1968, Writs of Summons returned duly executed as follows:

"By leaving a true copy hereof at the regular business office of the within named appointed agent, George M. Kinder."

The transcript further recites that the defendant did not appear in the Missouri court and judgment was rendered by default.

The defendant offered in evidence in the District Court of Wake County certain exhibits, including a copy of the contract, for the alleged breach of which the Missouri action was instituted, and a copy of the summons issued in the Missouri action. The printed form for the return of the officer, appearing upon this copy of the summons, is not completed and is unsigned.

The contract is one for membership in the plaintiff's marketing and sales program. It provided that the plaintiff would perform certain services and supply certain materials and the defendant would make payments to the plaintiff and comply with certain requirements. The contract provided:

"f. Aims. [plaintiff] and Broker [defendant] mutually agree that Mr. George M. Kinder, located at Route 3 Box 25, U.S. Hwy. 40, in Chesterfield, St. Louis County, Missouri, shall serve * * * Broker as Broker's Agent for the receipt of any legal documents including process as may be required under this Agreement or the enforcement thereof."

The District Court of Wake County concluded, "Said service of process on George M. Kinder as appointed agent of defendant on January 30, 1968, was valid and the Magistrate's Court of St. Louis County acquired personal jurisdiction over the defendant." It, therefore, gave judgment for the plaintiff. The Court of Appeals affirmed.

*Boyce, Mitchell, Burns & Smith for defendant appellant.*

*Jordan, Morris & Hoke for plaintiff appellee.*

LAKE, Justice.

The appellant contended, in the Court of Appeals and before this Court, that the provision in the contract between the parties hereto for the appointment of George M. Kinder as agent of the defendant, "for the receipt of any legal documents including process" required for the enforcement of the contract, was not sufficient to enable the Missouri court to acquire jurisdic-

tion, so as to render a judgment *in personam* against the defendant, by the service of summons upon Kinder. The briefs and arguments of the parties in the Court of Appeals and before us were directed to this question alone. The Court of Appeals determined it in favor of the plaintiff. It held this provision in the contract is a sufficiently clear and definite announcement to the defendant that, by entering into such contract, he consented to being sued in Missouri in an action in which summons was served upon Kinder as the defendant's agent. Accordingly, the Court of Appeals affirmed the judgment of the District Court of Wake County in favor of the plaintiff. We reverse without reaching this question and without expressing any opinion thereon.

[1]   Article IV, § 1, of the Constitution of the United States, provides, "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." Nevertheless, if the Missouri court, which rendered this judgment *in personam* against the defendant, did not have jurisdiction over the person of the defendant, the judgment is void even in Missouri. *Hanson v. Denckla,* 357 U.S. 235, 2 L. ed. 2d 1283, 78 S. Ct. 1228, rehear. den., 358 U.S. 858, 3 L. ed. 2d 92, 79 S. Ct. 10; *Pennoyer v. Neff,* 95 U.S. 714, 24 L. ed. 565. In the Hanson case, the Court said:

> "* * * With the adoption of that [Fourteenth] Amendment, any judgment purporting to bind the person of a defendant over whom the Court had not acquired *in personam* jurisdiction was void within the State as well as without. * * *

> "* * * Delaware is under no obligation to give full faith and credit to a Florida judgment invalid in Florida because offensive to the Due Process Clause of the Fourteenth Amendment. 28 USC, § 1738. Even before passage of the Fourteenth Amendment this Court sustained state courts in refusing full faith and credit to judgments entered by courts that were without jurisdiction over nonresident defendants. *D'Arcy v. Ketchum,* 11 How 165; *Hall v. Lanning,* 91 U.S. 160. See *Baker v. Baker, Eccles & Co.,* 242 U.S. 394; *Riley v. New York Trust Co.,* 315 U.S. 343."

[2, 3]   When suit is brought in a court of this State upon a judgment rendered by a court of another state, before reaching any question as to the validity of a statute of such other state

purporting to provide a substitute for personal service of process upon a nonresident thereof, or any question as to the validity and effect of a purported appointment by the defendant of an agent for the service of process upon him in the other state, the courts of this State must first determine whether summons was served in accordance with the law of the state in which the judgment was rendered. "It is elementary that unless one named as a defendant has been brought into court in some way sanctioned by law, or makes a voluntary appearance in person or by attorney, the court has no jurisdiction of the person and judgment rendered against him is void." *Thomas v. Frosty Morn Meats, Inc.*, 266 N.C. 523, 146 S.E. 2d 397; *Powell v. Turpin*, 224 N.C. 67, 29 S.E. 2d 26.

[6] Assuming, without deciding, that Kinder was the duly appointed agent of the defendant for service of summons in Missouri, it appears upon the face of the transcript of the Missouri judgment that the purported service was "by leaving a true copy hereof [i.e., the summons] at the regular business office of the within named appointed agent, George M. Kinder." The return does not purport to show a delivery of the summons to Kinder or to any other person in the office. It does not purport to show that anyone was present in the office when the constable left the summons therein. For all that appears upon the transcript, the summons may have been deposited by the constable in the wastebasket in the office of Mr. Kinder.

[4, 5] Since the validity and effect of a judgment of another state must be determined by reference to the laws of the state wherein the judgment was rendered, it is necessary for us to examine the statutes of the State of Missouri. *Dansby v. Insurance Co.*, 209 N.C. 127, 183 S.E. 521. We are required by G.S. 8-4 to take judicial notice of the Missouri law. Stansbury, North Carolina Evidence, 2d ed, § 12.

Vernon's Annotated Missouri Statutes, 506.150 reads as follows:

> "*Summons and petition shall be served together—how service shall be made.*
>
> "The summons and petition shall be served together. Service shall be made as follows:
>
> \* \* \*
>
> "(3) Upon a domestic or foreign corporation or upon a partnership, or other unincorporated association, when

by law it may be sued as such, *by delivering a copy of the summons and of the petition* to an officer, partner, a managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof, or *to any other agent authorized by appointment* or required by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." (Emphasis added.)

Rule 54.06 of the Missouri Rules of Court, Rules of Civil Procedure, 1970 edition, Vernon's Annotated Missouri Statutes, provides:

"*Summons and Petition—How Served.*

"The summons and petition shall be served together.

Service within the state shall be made as follows:

"\* \* \* (c) *Service—On Corporation.* (1) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, when by law it may be sued as such, by delivering a copy of the summons and of the petition to an officer, partner, or a managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof *or by delivering copies to any other agent authorized by appointment* or required by law to receive service of process, and if the agent is one authorized by law to receive service and the law so requires, by also mailing a copy to the defendant." (Emphasis added.)

[6] Since it appears upon the face of the transcript of the Missouri judgment that service of summons upon the defendant was attempted by a method not authorized by the Missouri statute or by the rules of court in that state, it follows that the Missouri judgment is void. Consequently, the judgment of the District Court of Wake County giving it full faith and credit as a valid judgment was erroneous.

The judgment of the Court of Appeals is reversed and the matter is remanded to the Court of Appeals for the entry of a proper judgment by it reversing the judgment of the District Court of Wake County.

Reversed.