BELL HOUSE WEAVER v. HOME SECURITY LIFE INSURANCE
COMPANY

No. 736DC674

(Filed 12 December 1973)

Insurance § 45— aspiration of vomitus — double indemnity provision — external means

> Death from asphyxiation when insured, who had been drinking for several days, regurgitated gastric contents and aspirated the vomitus did not result from external means within the meaning of a clause of a life insurance policy providing double indemnity for death caused by "external, violent and accidental means."

APPEAL by plaintiff from *Blythe, Judge,* 27 June 1973 Session of District Court held in HALIFAX County.

This civil action was instituted by the plaintiff, as the beneficiary of an insurance policy, for the recovery of one thousand dollars ($1,000) which sum represents the double indemnity benefits under a policy of life insurance issued by the defendant, Home Security Life Insurance Company, on the life of Herman Garland Weaver, Sr., husband of the plaintiff. The defendant admits that the policy was in full force and effect on the date of the death of the insured and in fact the defendant has paid the face amount of the policy to the beneficiary, although it has refused to pay the double indemnity benefits.

Both parties moved for summary judgment pursuant to G.S. 1A-1, Rule 56, Rules of Civil Procedure. The record discloses the uncontroverted facts to be as follows:

The insured, Herman Garland Weaver, Sr., died on 26 April 1972 as a result of anoxia or lack of oxygen in the body. Insured had been drinking for several days prior to his death, and the lack of oxygen was precipitated by the fact that he regurgitated gastric contents, aspirated this vomitus, and died as a result of asphyxiation. The parties stipulated that the death was not the result of suicide nor from natural causes.

The trial court concluded, among other things, as a matter of law:

> "That plaintiff is not entitled to recover of the defendant for double indemnity benefits as provided for in the supplemental provision for double indemnity benefits at-

tached to the policy as Henry G. Weaver did not die by drowning within the meaning of the policy and as defined by law as contended by the plaintiff . . . ."

and entered summary judgment for defendant. The plaintiff appealed.

*Allsbrook, Benton, Knott, Allsbrook & Cranford by J. E. Knott, Jr., for the plaintiff appellant.*

*W. Lunsford Crew for defendant appellee.*

HEDRICK, Judge.

There being no genuine issue as to any material fact, the sole question for our determination is whether defendant is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c), Rules of Civil Procedure. Resolution of this matter necessitates the construction of the double indemnity provision of the insurance policy in question and particularly the following portion:

> "The Company will pay to the beneficiary under this policy, in addition to the amount otherwise payable according to the terms of this policy, an additional amount equal to the Sum Insured, as defined on the first page hereof, upon receipt at the Home Office of due proof of the death of the Insured, while this supplementary provision is in effect, *as the result, directly or indirectly of all other causes, of bodily injuries caused solely by external, violent, and accidental means;* provided (a) that there was evidence of such injuries by a visible contusion or wound on the exterior of the body, except in the case of drowning or of internal injuries revealed by an autopsy . . . . "

While the trial court concluded that the insured's death did not result from drowning within the meaning of the policy and the parties have concentrated their argument upon the drowning feature of the above quoted clause, we are of the opinion that another determination must be made before reaching the issue of whether the insured's death resulted from drowning within the meaning of the proviso in the policy. The first step which must be hurdled is the requirement that the death be "caused solely by external, violent, and accidental means." Although we have found no North Carolina decision dealing with this factual situation, other jurisdictions have been confronted

with similar factual circumstances and the identical policy terms of "external, violent, and accidental means." *McCallum v. Mutual Life Insurance Co. of N. Y.*, 274 F. 2d 431 (4th Cir. 1960); *Towner v. Prudential Insurance Co.*, La. App., 137 So. 2d 449 (1962); *Strowmatt v. Volunteer State Life Insurance*, Fla. App., 176 So. 2d 563 (1965); *Hatcher v. Southern Life and Health Insurance Co.*, Fla. App., 207 So. 2d 316 (1968); *Radcliffe v. National Life and Accident Insurance Co.*, Tex. Civ. App., 298 S.W. 2d 213 (1957); *Spott v. Equitable Life Insurance Co.*, 209 Cal. App. 2d 229, 25 Cal. Rptr. 782, 98 A.L.R. 2d 315 (1962). In each of the cases cited, the court determined that death did not result from external means and thus recovery was precluded. We agree with this viewpoint and hold that the record discloses that the death of the insured was the result of internal and not external means as required by the terms of the policy. Our decision renders it unnecessary for us to discuss whether this death was the product of "accidental and violent means."

Summary judgment for defendant is

Affirmed.

Judges PARKER and BALEY concur.