PRATHER, THOMAS, CAMPBELL, PRIDGEON, INC. v. FLORILINA PROPERTIES, INC.

No. 7529SC927

(Filed 5 May 1976)

Judgments § 51— action to enforce judgment of S. C. court — jurisdiction of S. C. court in question — summary judgment improper

  In an action to enforce a judgment entered by a South Carolina court, the trial court erred in entering summary judgment in favor of plaintiff where there was a genuine issue of material fact—whether the South Carolina court had *in personam* jurisdiction over the defendant, a Florida corporation, in an action brought by plaintiff, a South Carolina corporation, to recover for services rendered pursuant to a contract, which was allegedly executed in Florida, for the preparation of plans for three dams to be constructed by defendant in North Carolina.

APPEAL by defendant from *Grist, Judge.* Judgment entered 11 September 1975, in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 11 March 1976.

Plaintiff brought an action against defendant 7 January 1975 in South Carolina. Plaintiff alleged that it was a South Carolina corporation and that defendant was a Florida corporation and that defendant also had a registered service agent in North Carolina. Pursuant to a contract, plaintiff was to prepare construction drawings and specifications for three dams being built by defendant in North Carolina. Defendant had failed to pay plaintiff in full for its services and was indebted to plaintiff for $2,000.00.

Prather, Thomas, Campbell, Pridgeon, Inc. v. Properties, Inc.

After defendant failed to file an answer in the South Carolina action, a default judgment was entered against it for $2,025.00. The court stated in its order that "evidence was presented which . . . clearly establishes the jurisdiction of this Court under South Carolina Code Section 10.2-803 (g), in that the contract between the plaintiff and defendants was performed in whole or in part in the State of South Carolina."

Plaintiff brought this action to enforce the South Carolina judgment. In an unverified answer, defendant admitted that a judgment had been entered against it, denied that the South Carolina court had jurisdiction to enter such a judgment, by counterclaim alleged that plaintiff was employed to prepare a master plan for its Rutherford County property and to lay out a road on the property, but that the master plan was defective in that the road was across unsuitable terrain; and defendant prayed for damages in the sum of $6,000.00.

Plaintiff moved for summary judgment which the court granted. The court also granted summary judgment for plaintiff on defendant's counterclaim.

*Hamrick, Bowen & Nanney by Louis W. Nanney, Jr., for plaintiff appellee.*

*A. Clyde Tomblin for defendant appellant.*

CLARK, Judge.

Defendant's first assignment of error is that the trial court improvidently granted plaintiff's motion for summary judgment in the action by the plaintiff to enforce the South Carolina judgment.

In support of its motion the plaintiff offered its complaint which incorporated by reference a copy of the proceedings, including the default judgment, in South Carolina, but no affidavits or other materials were submitted in support of the motion. The defendant, in resisting the motion for summary judgment offered only its unverified answer and counterclaim.

If the South Carolina court did not have jurisdiction, then its judgment is void, and this State is not required to give "full faith and credit" to the judgment under Art. IV, § 1 of the Federal Constitution. The full faith and credit clause does not prevent inquiry into the jurisdiction of the South Carolina

court, and the record of the judgment may be contradicted as to the facts necessary to give the court jurisdiction. *State v. Williams*, 224 N.C. 183, 29 S.E. 2d 744 (1944); *Marketing Systems v. Realty Co.*, 277 N.C. 230, 176 S.E. 2d 775 (1970); 2 Strong, N. C. Index 2d, Constitutional Law § 26, p. 244.

Though the South Carolina judgment recited that it had jurisdiction over the defendant corporation, a mere recital in the judgment that the court rendering it had jurisdiction is not conclusive and, notwithstanding such recital, the court of another state, in which the judgment is asserted as the cause of action, or as a defense, may, within limits, make its own independent inquiry into the jurisdiction of the court which rendered the judgment. But if jurisdiction is, itself, an issue which has been fully litigated in, and determined by, the foreign court which rendered the judgment, the judgment is entitled to full faith and credit. *Hosiery Mills v. Burlington Industries*, 285 N.C. 344, 204 S.E. 2d 834 (1974).

In the present case it appears that the plaintiff is a South Carolina corporation; that defendant is a Florida corporation; that they entered into a contract whereby defendant was to prepare plans for the construction of a dam by defendant in North Carolina; and that plaintiff was to be paid a fixed sum. In its answer to the complaint in this case, the defendant alleges that the contract was executed in Florida; that the dam construction was in North Carolina; that it did no business in South Carolina and had no agent there; and that the South Carolina judgment was void in that the court did not have *in personam* jurisdiction over the defendant.

Clearly, the defendant's answer raised the issue of the jurisdiction of the South Carolina court which rendered the judgment. Defendant had the right to raise this issue in this case in North Carolina because the issue had not been fully litigated in, and determined by, the South Carolina court, because the defendant did not appear in the South Carolina action, and because there is nothing in the record to indicate that it consented to the jurisdiction of that court.

On the motion for summary judgment the test is whether the pleadings and materials offered in support of the same show that there is no genuine issue as to any material fact. If there is no such issue, then the sole question for the court's determination is whether the party is entitled to the judgment as a

matter of law. *Weaver v. Insurance Co.*, 20 N.C. App. 135, 201 S.E. 2d 63 (1973). The burden is on the movant to establish the lack of genuine issue of material fact, one where the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action. *Pridgen v. Hughes*, 9 N.C. App. 635, 177 S.E. 2d 425 (1970).

We find that the plaintiff's complaint and the copy of the proceedings in the South Carolina court which were offered in support of its motion for summary judgment were not sufficient to establish the lack of the genuine issue of material fact, to-wit the *in personam* jurisdiction of the South Carolina court over the defendant.

The trial court also granted the plaintiff's motion for summary judgment on the defendant's counterclaim. Whether the defendant is entitled to pursue his counterclaim against the plaintiff is dependent upon the determination of the issue of jurisdiction by the South Carolina court. If the South Carolina court did have *in personam* jurisdiction over the defendant, it is possible that the defendant, having failed to prosecute his counterclaim in South Carolina, would be precluded from prosecuting the same in this action. We, therefore, find that the plaintiff's motion for summary judgment on the defendant's counterclaim was improvidently granted.

The summary judgment for the plaintiff on its action to enforce the South Carolina judgment, and for the plaintiff on the defendant's counterclaim, is

Reversed and Remanded.

Judges BRITT and PARKER concur.