601 P.2d 325

John A. CASSIDY and Edwin F. Cassidy, Appellants,

v.

OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA, Appellee.

No. 1 CA–CIV 4072.

Court of Appeals of Arizona, Division 1, Department C.

Aug. 9, 1979.

Rehearing Denied Sept. 14, 1979.

Review Denied Oct. 2, 1979.

so as to entitle appellants to recover for that death under the double indemnity provisions of that policy.

Appellants were the beneficiaries under a life insurance policy issued by appellee on the life of their mother, Evelyn C. Cassidy, who died on June 30, 1975, as the result of the breaking of a mitral valve prosthesis which had been surgically implanted in her heart on May 5, 1975. Following her death appellee paid appellants the full face value of the policy, $24,000.00. The life insurance policy, however, also contained a double indemnity provision which would provide double the normal benefits in the following specified situation:

> If the individual while insured hereunder suffers, directly and independently of all other causes, bodily injury effected solely through external, violent, and accidental means. . . .

Appellants asserted a claim for double indemnity benefits for their mother's death, alleging that her death fell within the foregoing accidental death provisions of the policy. Appellee refused payment of double indemnity, and appellants thereafter commenced this action. Paragraph V of their complaint set forth appellants' theory of recovery under the accidental death provisions of the policy as follows:

Chris C. Tountas and John W. Rood, Phoenix, for appellants.

Evans, Kitchel & Jenckes, P.C. by Newman R. Porter, Phoenix, for appellee.

## OPINION

EUBANK, Presiding Judge.

In this appeal from an order of the Superior Court dismissing plaintiffs-appellants' complaint, we are asked to decide whether a death resulting from the breaking of a previously successfully implanted internal prosthetic device was "effected solely through external, violent, and accidental means" within the meaning of the provisions of a life insurance policy issued by the appellee,

V

On or about June 30, 1975, the life of said insured, EVELYN C. CASSIDY, was taken by accidental means within the meaning of said insurance policy in that she died as a result of acute pulmonary edema, due to the failure of a mitral valve prosthesis. In particular that certain mitral valve prosthesis which had been implanted into the heart of EVELYN C. CASSIDY on or about May 5, 1975 failed because one of the struts thereon broke. As a consequence thereof Plaintiffs are entitled to payment under the double indemnity provisions of aforesaid insurance policy, said provision in said policy is also entitled "Accidental Death Benefit."

In the trial court, appellee moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Rules of Civil Procedure, 16 A.R.S. No matters outside the pleadings were presented to the trial court. The trial court granted the motion to dismiss, and appellants perfected this appeal. No attempt to amend the complaint was made.

On review we are required, as was the trial court, to consider all the facts alleged in the complaint as true. *Hatch v. Double Circle Ranch*, 22 Ariz.App. 124, 524 P.2d 958 (1974). In their arguments, the parties have gone beyond the question of whether the facts alleged establish that this death comes within the terms of the double indemnity insuring agreement, and have discussed the applicability of certain exclusions or limitations contained in the policy. All of the facts necessary to a determination of the applicability of these exclusions, however, such as whether the underlying heart condition was a factor in causing the acute pulmonary edema, were not alleged in the complaint. We believe, however, that it is possible for the Court to determine from the facts which are alleged in the complaint whether or not this death comes within the insuring provisions of the policy, without the necessity of considering the applicability of the exclusions therefrom. In our opinion the facts alleged do not establish that the death was "effected solely through external, violent, and accidental means . . . ."

Without deciding whether the breaking of a strut on a mitral valve prosthesis implanted in a human body might be either "violent" or "accidental", we hold that it is not an "external . . . means" within the meaning of this policy. We must therefore affirm the trial court's dismissal of the complaint.

There is general agreement in the case law that death may be said to result from external means where that means is initially external to the person, but subsequently acts internally. *United American Life Insurance Co. v. Beadel*, 13 Ariz.App. 196, 475 P.2d 288 (1970); *see* 10 Couch, Insurance (Second), § 41:40. It is possible, however, for an agent that was once external to become internal, as in the case of ingested food which is regurgitated, causing strangulation. *E. g., Spott v. Equitable Life Ins. Co.*, 209 Cal.App.2d 229, 25 Cal. Rptr. 782 (1962); *Hatcher v. Southern Life and Health Ins. Co.*, 207 So.2d 316 (Fla.App. 1968); *Weaver v. Home Sec. Life Ins. Co.*, 20 N.C.App. 135, 201 S.E.2d 63 (1973). We believe that in the case of an internal prosthetic device, such as the mitral valve here, an even stronger case for internalization is presented. Appellants themselves argue that the implanting of the prosthesis had been completed and that the substitute valve was successfully operating in place of the natural valve. We therefore believe that it had ceased to have the characteristics necessary to classify it as "external" with respect to Mrs. Cassidy.

Presuming all facts pleaded in the complaint to be true, therefore, the accidental death, double indemnity provisions of appellee's life insurance policy would not apply to Mrs. Cassidy's death because it was not "effected solely through external, violent, and accidental means . . . ."

The order dismissing the complaint is therefore affirmed.

FROEB and JACOBSON, JJ., concur.