637 P.2d 1069

Cruz HERNANDEZ, Jr. and Gabrielita Hernandez, husband and wife, Plaintiffs-Appellants,

v.

CITY OF PHOENIX, a municipal corporation; Margaret Hance, Mayor of the City of Phoenix; Ken O'Dell, Howard Adams, Joy Carter, Calvin C. Goode, Barry Starr, and Jim White, members of the Phoenix City Council, Defendants-Appellees.

No. 1 CA–CIV 5071.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 15, 1981.

Rehearing Denied Nov. 18, 1981.

Review Denied Dec. 15, 1981.

Dushoff & Sacks by Scot C. Stirling, Phoenix, for plaintiffs-appellants.

Andy Baumert, Phoenix City Atty. by Don P. Williams, Asst. City Atty., Phoenix, for defendants-appellees.

## OPINION

DONOFRIO, Judge.

This is an appeal from the final order of the trial court which dismissed the complaint of Cruz Hernandez, Jr. and Gabrielita Hernandez (plaintiffs) for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted.

Plaintiffs are the former owners of a house located in Phoenix at 1928 East Durango Street, out of which they operated a janitorial service. On this property they used outside storage to keep their business tools and materials.

The City of Phoenix (City) acquired this property from the plaintiffs as a part of a Federal Aviation Administration project known as the Western Approach Land Acquisition (WALA). The WALA project was designed to clear the area surrounding Sky Harbor International Airport of homes and businesses for safety and health reasons. Plaintiffs further allege that the City was reimbursed by the Federal Aviation Administration for at least a portion of the cost incurred in acquiring the land and relocating persons displaced by the WALA project.

After plaintiffs' property was acquired, they requested and received some relocation assistance from the City in finding and purchasing satisfactory and comparable replacement property. However, due to zoning restrictions on this replacement property, plaintiffs were not able to store their business tools and materials on the property. Plaintiffs have therefore been forced to lease storage space off the property at an approximate cost of $540 per year.

Because plaintiffs' annual income from their business is between $7,500 and $8,000, they claimed an added expense of $540 per year resulting from their relocation as a substantial loss in patronage under 42 U.S.C. § 4622(c) of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (URA).

This section provides in part:

§ 4622. Moving and related expenses

General provision

(a) Whenever the acquisition of real property for a program or project undertaken by a Federal agency in any State will result in the displacement of any person on or after January 2, 1971, the head of such agency shall make a payment to any displaced person, upon proper application as approved by such agency head, for—

(1) actual reasonable expenses in moving himself, his family, business, farm operation, or other personal property;

(2) actual direct losses of tangible personal property as a result of moving or discontinuing a business or farm operation, but not to exceed an amount equal to the reasonable expenses that would have been required to relocate such property, as determined by the head of the agency; and

(3) actual reasonable expenses in searching for a replacement business or farm.

. . . .

Displacement from business or farm operation; election of payments; limitations; eligibility for business payments; average annual net earnings defined

(c) Any displaced person eligible for payments under subsection (a) of this section who is displaced from his place of business or from his farm operation and who elects to accept the payment authorized by this subsection in lieu of the payment authorized by subsection (a) of this section, may receive a fixed payment in an amount equal to the average annual net earnings of the business or farm operation, except that such payment shall not be less than $2,500 nor more than $10,000. In the case of a business no payment shall be made under this subsection unless the head of the Federal agency is satisfied that the business (1) cannot be relocated without a substantial loss of its existing patronage, and (2) is not a part of a commercial enterprise having at least one other establishment not being acquired by the United States, which is engaged in the same or similar business. For purposes of this subsection, the term "average annual net earnings" means one-half of any net earnings of the business or farm operation, before Federal, State, and local income taxes, during the two taxable years immediately preceding the taxable year in which such business or farm operation moves from the real property acquired for such project, or during such other period as the head of such agency determines to be more equitable for establishing such earnings, and includes any compensation paid by the business or farm operation to the owner, his spouse, or his dependents during such period.

The City of Phoenix Relocation Division refused plaintiffs' request for relocation assistance under 42 U.S.C. § 4622(c). This denial was upheld through the City's four tier appellate procedure. Having exhausted their administrative remedies, the plaintiffs appealed to the Maricopa County Superior Court.

On May 17, 1979, the City filed a motion to dismiss the plaintiffs' complaint which raised the issues of lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. Following plaintiffs' response and oral argument, the court granted the City's motion, and this appeal followed.

Plaintiffs raise three issues for review:

1. Whether the plaintiffs are entitled to judicial review in the Maricopa County Superior Court of the City's denial of their requested business relocation payment;

2. Whether the complaint alleged sufficient facts which, if proven, would establish plaintiffs' right to relocation assistance;

3. Whether the superior court's dismissal of plaintiffs' complaint without leave to conduct discovery on a jurisdictional issue was an abuse of discretion.

## JURISDICTION

In discussing whether the Maricopa County Superior Court has subject matter jurisdiction of claims asserted under the URA when the defendant is a state agency, we find it prudent to first dispose of two preliminary points raised by the City.

The City argues that 42 U.S.C. § 4602 precludes review. We disagree. 42 U.S.C. § 4602 provides:

§ 4602. Effect upon property acquisition

(a) The provisions of section 4651 of this title create no rights or liabilities and shall not affect the validity of any property acquisitions by purchase or condemnation.

(b) Nothing in this chapter shall be construed as creating in any condemnation proceedings brought under the power of eminent domain, any element of value or of damage not in existence immediately prior to January 2, 1971.

We find that the plain language of the statute is that review is precluded as to 42 U.S.C. § 4651. Those actions are grounded in subchapter III, Uniform Real Property

Acquisition Policy, of Title 42 of the United States Code. Plaintiffs' action is grounded under 42 U.S.C. § 4622(c), which is in subchapter II, Uniform Relocation Assistance.

The City further argues that 42 U.S.C. § 4622(c) pertains only to acquisitions of real property for programs or projects undertaken by Federal agencies. We disagree. This argument ignores 42 U.S.C. § 4630 which provides:

§ 4630. Requirements for relocation payments and assistance of Federally assisted program; assurances of availability of housing

Notwithstanding any other law, the head of a Federal agency shall not approve any grant to, or contract or agreement with, a State agency, under which Federal financial assistance will be available to pay all or part of the cost of any program or project which will result in the displacement of any person on or after January 2, 1971, unless he receives satisfactory assurances from such State agency that—

(1) fair and reasonable relocation payments and assistance shall be provided to or for displaced persons, as are required to be provided by a Federal agency under sections 4622, 4623, and 4624 of this title;

(2) relocation assistance programs offering the services described in section 4625 of this title shall be provided to such displaced persons;

(3) within a reasonable period of time prior to displacement, decent, safe, and sanitary replacement dwellings will be available to displaced persons in accordance with section 4625(c)(3) of this title.

The plaintiffs argue that the Maricopa County Superior Court has concurrent jurisdiction to review claims arising under the URA where the defendant is a state or local agency. We agree.

It is clear that Federal courts have subject matter jurisdiction over federally assisted state and local projects involving relocation assistance under the URA. One basis for this subject matter jurisdiction is 28 U.S.C. § 1331:

§ 1331. Federal question

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

In *Young v. Harder*, 361 F.Supp. 64 (D.C. Kan.1973), displaced property owners brought a class action against a federally assisted urban renewal project. The *Young* court recognized that if the URA is to be a viable safeguard against victimization of those displaced as a result of federally assisted programs, every individual must be afforded a right in Federal court to vindicate his rights under the Act. The *Young* court found that the action rose under the laws of the United States and hence the court had federal question jurisdiction under 28 U.S.C. § 1331. Further, in *Lewis v. Brinegar*, 372 F.Supp. 424 (W.D.Mo.1974), an action was brought by a displaced person challenging the eligibility requirements for moving expenses and dislocation allowances under 42 U.S.C. § 4622 with respect to a federally assisted state highway project. The *Lewis* court found that they had pendent federal question jurisdiction because the requisite jurisdictional amount was not involved. That court further noted that the state court would have independent jurisdiction to hear the federal question.

It is well settled that state courts have concurrent jurisdiction with federal courts in the so-called federal question jurisdiction cases. Indeed, they are the only courts that can exercise it when the jurisdictional amount is not satisfied. 1A Part 2 Moore's Federal Practice § 0.201 pp. 2021–22. *See also Artesian Water Company v. State Department of Highways and Transportation*, 330 A.2d 432 (Del.1974), where a Delaware state court discussed the applicability of relocation assistance under the URA to a public utility displaced by a federally assisted state highway project.

We conclude that the state court has concurrent subject matter jurisdiction in claims arising under 42 U.S.C. § 4622(c) of the URA.

**570**

## FAILURE TO STATE A CLAIM

 Plaintiffs argue that their complaint stated sufficient facts which, if proven, would establish their right to the relocation assistance which was requested from the City. We agree.

Turning to the applicable law, we find that the declared purpose of the URA is to establish a uniform policy for the fair and equitable treatment of persons displaced from their homes and businesses as the result of federal and federally assisted programs, in order that such persons shall not suffer disproportionate injury as a result of programs designed for the benefit of the public as a whole. 42 U.S.C. § 4621. The City of Phoenix is a state agency for the purposes of the URA. 42 U.S.C. § 4601. The City's obligation to make the business relocation payments under 42 U.S.C. § 4622(c) is created by 42 U.S.C. § 4630.

In considering the motion to dismiss for failure to state a claim from which relief can be granted, all material facts alleged in the complaint are considered to be true. *Cassidy v. Occidental Life Insurance Company of California*, 123 Ariz. 562, 601 P.2d 325 (App.1979). Viewed in this light, the plaintiffs' complaint stated: their property was acquired by the City as part of a Federal Aviation Administration project (WALA) subject to the URA; the City was authorized to act in conjunction with and on behalf of the appropriate federal authorities in matters relating to the acquisition of real property and the relocation of displaced persons under the URA, and plaintiffs incurred additional expense in conducting their business in leasing storage space following their relocation. It was additionally alleged that this additional expense constituted a substantial loss of patronage under 42 U.S.C. § 4622(c).

We conclude that the plaintiffs alleged sufficient facts in their complaint to state a claim upon which relief can be granted.

## ALLOWANCE OF DISCOVERY

In the record we find considerable dispute between the parties concerning the City's relationship with the WALA project and the displacement and relocation of the plaintiffs' home and business. The plaintiffs requested discovery as to the nature of their relationship which was denied by the trial court. We view such a denial as an abuse of discretion by the trial court and therefore on remand direct that such discovery be allowed.

For the foregoing reasons, we reverse the order of the superior court which granted the motion to dismiss and remand this case for further proceedings consistent with this opinion.

CONTRERAS, P. J., and OGG, J., concur.