OLD DOMINION DISTRIBUTORS, INC. v. JACK W. BISSETTE AND WIFE, PATSY S. BISSETTE

No. 817DC591

(Filed 2 March 1982)

**Constitutional Law § 26.1; Judgments § 51.1— foreign judgment—issue of jurisdiction—summary judgment improper**

    In an action to enforce a judgment entered by a Virginia court, the trial court erred in entering summary judgment in favor of plaintiff where there was a genuine issue concerning the jurisdiction of the Virginia court which rendered the judgment. Plaintiff's complaint, affidavit, exhibits and a copy of the judgment of the Virginia court which were offered in support of its motion for summary judgment were not sufficient to establish proper service of process and in personam jurisdiction of the Virginia court over the defendant.

    Judge WEBB dissenting.

APPEAL by defendants from *Ezzell, Judge.* Judgment entered 11 March 1981 in District Court, WILSON County. Heard in the Court of Appeals 4 February 1982.

Plaintiff brought a civil action in North Carolina in 1979 to enforce a judgment rendered in Virginia in 1974 awarding plaintiff damages as a result of defendants' breach of contract. The trial court granted summary judgment for plaintiff.

The defendants' original answer in the form of a letter stated that defendant Patsy S. Bissette was approached by a saleslady when she resided in Roanoke, Virginia in 1970. Her husband, defendant Jack W. Bissette, was out of town. She was convinced to agree to purchase food for a freezer that she did not own. After the saleslady phoned her employer, she convinced Mrs. Bissette to sign her husband's name. She was assured by the saleslady that the food order would be delivered anywhere in the United States. After the food was delivered, Mrs. Bissette return-

ed the food to the plaintiffs and gave them a check for the amount of food which was not returned. The Bissettes then moved to North Carolina, residing in Charlotte and later, in Nash County near Wilson. While in North Carolina, the defendants received numerous phone calls regarding payment for food but never received any food or any offer to deliver food.

In defendants' verified answer and counterclaim (received as an affidavit by the trial court), they deny any knowledge of a judgment in Virginia and deny that any notice was given them of the action in Virginia. The defendants further assert that plaintiff knew defendant Jack W. Bissette was not a party to any contract with the plaintiff, but plaintiff nevertheless knowingly and intentionally, maliciously and without probable cause or legal excuse maintained a prosecution against him. Defendant Jack W. Bissette seeks compensatory damages of One Thousand Dollars ($1,000.00) in said counterclaim and also asks for treble damages and compensation for attorney fees pursuant to N.C. Gen. Stat. § 75-16.

The defendants also filed an affidavit with the court on 22 June 1979 which stated that no contract ever existed between the plaintiff and defendant Jack W. Bissette. Said affidavit also stated that no contract ever existed between the plaintiff and defendant Patsy S. Bissette, but, in the alternative, if it did, said contract was revoked without damage to the plaintiff by non-performance and other action by the plaintiff. Defendants' affidavit further states that defendants were never properly served with process in the original action in Virginia. Plaintiff filed a reply denying the allegations of defendants' counterclaim.

Plaintiff moved for summary judgment. Plaintiff presented four exhibits received into evidence, including copies of two letters sent to defendant Jack Bissette by certified mail from the office of the Secretary of the Commonwealth of Virginia advising him of an enclosed summons. These letters were marked November 15, 1974 and November 19, 1974 and both were returned unclaimed. Two similar letters addressed to the defendant Patsy S. Bissette were received into evidence. The return receipt of the first letter was signed by a third party for Patsy Bissette, and the second letter post-marked November 19, 1974, was returned to sender unclaimed. From summary judgment in favor of the plaintiff, defendants appealed.

*Parker, Miles, Hinson & Williams by C. David Williams, Jr., for the plaintiff-appellee.*

*Farris, Thomas & Farris by William C. Farris for the defendant-appellants.*

MARTIN (Robert M.), Judge.

Defendants' first assignment of error is that the trial court improvidently granted plaintiff's motion for summary judgment in the action by plaintiff to enforce the Virginia judgment. We agree.

Generally this State is required to give "full faith and credit" to the judgment of a sister state pursuant to Art. IV, § 1 of the Federal Constitution. The full faith and credit clause, however, does not prevent inquiry into the jurisdiction of the Virginia court, and if the Virginia court did not have jurisdiction the judgment is void. *Marketing Systems v. Realty Co.*, 277 N.C. 230, 176 S.E. 2d 775 (1970); *State v. Williams*, 224 N.C. 183, 29 S.E. 2d 744 (1944); *Prather, Thomas, Campbell, Pridgeon, Inc. v. Properties, Inc.*, 29 N.C. App. 316, 224 S.E. 2d 289 (1976).

The Virginia judgment, attached as plaintiff's Exhibit A to its complaint, does not refer to that court's jurisdiction over defendants. If the judgment had recited that the court rendering it had jurisdiction, the court of another state in which the judgment is asserted as a cause of action or a defense, could make its own independent determination as to the rendering court's jurisdiction. *Id.* Thus we are not precluded from making an independent inquiry into the jurisdiction of the Virginia court. Only if the jurisdiction is, itself, an issue which has been fully litigated in, and determined by, the foreign court which rendered the judgment, is the judgment entitled to full faith and credit. *Hosiery Mills v. Burlington Industries*, 285 N.C. 344, 204 S.E. 2d 834 (1974); *Prather, Thomas, Campbell, Pridgeon, Inc. v. Properties, Inc., supra.*

In the present case it appears that plaintiff is a Virginia corporation; that the defendants lived in Virginia in 1970 when the alleged contract was entered into; and that defendants moved to North Carolina shortly thereafter and resided in North Carolina in 1974 when plaintiff commenced its action in Virginia. The de-

fendant Jack Bissette asserts that he never entered into a contract with plaintiff; defendants assert that plaintiff refused to perform the contract; and that the Virginia judgment was null and void because no legal and proper service of process was had on defendants.

Clearly, the defendants' answer raised the issue of the jurisdiction of the Virginia court which rendered the judgment. Defendants had the right to raise this issue in North Carolina courts because the issue had not been fully litigated in and determined by the Virginia court, because the defendants did not appear in the Virginia action, and because there is nothing in the record to indicate that they consented to the jurisdiction of that court. *Prather, Thomas, Campbell, Pridgeon, Inc. v. Properties, Inc., supra* at 318, 224 S.E. 2d 291.

On the motion for summary judgment the test is whether the pleadings and materials offered in support of the same show that there is no genuine issue as to any material fact. If there is no such issue, then the sole question for the court's determination is whether the party is entitled to the judgment as a matter of law. *Weaver v. Insurance Co.*, 20 N.C. App. 135, 201 S.E. 2d 63 (1973). The burden is on the movant to establish the lack of genuine issue of material fact, one where the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action. *Pridgen v. Hughes*, 9 N.C. App. 635, 177 S.E. 2d 425 (1970).

We find that the plaintiff's complaint, affidavit, exhibits, and copy of the judgment of the Virginia court which were offered in support of its motion for summary judgment were not sufficient to establish the lack of the genuine issue of material fact, that is, proper service of process and in personam jurisdiction of the Virginia court over the defendants.

The judgment of the trial court apparently granted summary judgment for the plaintiff on defendants' counterclaim. Whether the defendants are entitled to pursue their counterclaim against plaintiff is dependent upon the determination of the issue of jurisdiction by the Virginia court. If the Virginia court properly served the defendants and had in personam jurisdiction over defendants, it is possible that the defendants, having failed to prosecute their counterclaim in Virginia, would be barred from

prosecuting the same in this action. We, therefore, find that summary judgment on the defendants' counterclaim was improvidently granted.

We have considered the additional questions raised by plaintiff in its brief and find them to be without merit and overruled.

The summary judgment for plaintiff on its action to enforce the Virginia judgment, and for the plaintiff on defendants' counterclaim, is

Reversed and remanded.

Judge WELLS concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority. I believe the record shows without contradiction that the defendants were properly served under Section 8.01-320 of the Virginia Code. The Virginia court had jurisdiction of the parties under Section 8.01-328.1(A)(1) of the Virginia Code. The record also shows a default judgment was entered. We are bound by the United States Constitution to give full faith and credit to the Virginia judgment. I vote to affirm the judgment of the district court.