FT. RECOVERY INDUSTRIES, INC. v. LOREN PERRY D/B/A PERRY CAMPERS, ALSO D/B/A PERRY SNYDER PLASTICS, ALSO D/B/A PERRY PLASTICS

No. 8121DC895

(Filed 18 May 1982)

**Constitutional Law § 26; Courts § 2— in personam jurisdiction — enforcement of judgment of another state**

The trial court properly granted summary judgment for plaintiff on its action to enforce an Ohio judgment where defendant raised the issue of personal jurisdiction in his answer and was given the opportunity to litigate the question of jurisdiction and failed to present any evidence to support his contention that he did not have sufficient minimum contacts so as to extend the jurisdiction of the Ohio courts to him. The determination of jurisdiction by the Ohio court was *res judicata* and precluded a collateral attack on the judgment in the North Carolina courts.

APPEAL by defendant from *Keiger, Judge.* Order entered 4 May 1981 in District Court, FORSYTH County. Heard in the Court of Appeals 7 April 1982.

Plaintiff instituted this action to enforce an Ohio judgment against defendant in the amount of $3,463.14, plus interest, for goods sold and delivered. Defendant in his answer challenged the Ohio court's personal jurisdiction over him on the grounds that the Ohio long-arm jurisdictional statute did not reach him and that his appearance in the Ohio action was limited to contesting jurisdiction.

In the Ohio action, defendant filed an answer denying the allegations in plaintiff's complaint asserting that he had never

personally done business with plaintiff, and praying that the action be dismissed. Defendant also filed a separate motion to dismiss on the ground that he had never dealt on an individual basis with plaintiff but solely as agent of Perry Plastics. Judgment was rendered against defendant in the Ohio courts on 14 March 1979. The judge found that plaintiff had received payments on account that were drawn on defendant's personal checking account, that plaintiff had a valid complaint against defendant, and that defendant had produced no evidence supporting his answer and motion to dismiss.

In the action filed in Forsyth County, plaintiff moved for summary judgment. From the granting of this motion, defendant appeals.

*Zachary, Zachary & Harding by Warren E. Kasper for plaintiff appellee.*

*Robert Tally for defendant appellant.*

CLARK, Judge.

Defendant argues that the court erred in granting summary judgment in that there existed genuine issues as to the reach of Ohio's *in personam* jurisdiction and the nature of defendant's appearance in that State. Pursuant to G.S. 1A-1, Rule 56, summary judgment will be granted when the moving party has shown that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *Prather, Thomas, Campbell, Pridgeon, Inc. v. Properties, Inc.,* 29 N.C. App. 316, 224 S.E. 2d 289 (1976).

The judgment rendered by the Ohio court is a judgment *in personam* and is void if the court did not have jurisdiction over the person and subject matter of the action. The requirements for personal jurisdiction are that the nonresident defendant had sufficient minimum contacts with the forum state and that service of process did not offend traditional notions of fair play. *Hanson v. Denckla,* 357 U.S. 235, 2 L.Ed. 2d 1283, 78 S.Ct. 1228 (1958); *International Shoe Co. v. Washington,* 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154, 161 A.L.R. 1057 (1945). There is no deficiency of service of process asserted by defendant in the case *sub judice.* Defend-

ant contends that the Ohio long-arm statute cannot reach him since he did not have sufficient minimum contacts with that State.

If the Ohio court had jurisdiction over defendant, Art. IV, § 1 of the United States Constitution requires that this State give "full faith and credit" to the Ohio judgment. Our courts have held that a mere recital that the court had jurisdiction is not conclusive, and that North Carolina may, within limits, make its own inquiry into the jurisdiction of the court which rendered judgment. *Prather, Thomas, Campbell, Pridgeon, Inc. v. Properties, Inc., supra.* However, if the issue of personal jurisdiction has been litigated in and determined by the foreign court rendering judgment, the judgment is entitled to full faith and credit and cannot be collaterally attacked. *Durfee v. Duke,* 375 U.S. 106, 11 L.Ed. 2d 186, 84 S.Ct. 242 (1963); *Sherrer v. Sherrer,* 334 U.S. 343, 92 L.Ed. 1429, 68 S.Ct. 1087, 1 A.L.R. 2d 1355 (1947); *Hosiery Mills v. Burlington Industries,* 285 N.C. 344, 204 S.E. 2d 834, 72 A.L.R. 3d 466 (1974). If the foreign court made an erroneous determination of jurisdiction, such decision is grounds for reversal in the appellate court of that state. 5 Am. Jur. 2d *Appearances* § 4 (1962). The defendant in this case did not appeal the Ohio judgment.

The record before us shows that defendant raised the issue of personal jurisdiction in his answer and motion to dismiss filed in the Ohio action by asserting that he had done business with plaintiff only as an agent of Perry Plastics and not in an individual capacity. At the trial and hearing on the motion held on 14 March 1979, defendant was present through counsel, who advised the court that he would offer no evidence in support of the answer and motion filed in defendant's behalf. The court heard evidence from plaintiff concerning the account due and payments received on the account which had been drawn on defendant's personal checking account, and entered judgment for plaintiff. While there is no specific finding of personal jurisdiction in the court's judgment, such a finding is implicit in the entry of judgment against defendant. A distinction must be made between this case and an action in which the question of lack of personal jurisdiction is never raised until enforcement of the foreign judgment is sought. In the latter situation, the State in which judgment is sought to be enforced may itself determine whether the first state had personal jurisdiction. *Prather, Thomas, Campbell, Pridgeon, Inc. v. Properties, Inc., supra.* In the case *sub*

*judice,* the jurisdictional issue was raised by defendant in his answer and motion and duly considered by the Ohio court. Defendant was given the opportunity to litigate the question of jurisdiction and failed to present any evidence to support his contention that he did not have sufficient minimum contacts so as to extend the jurisdiction of the Ohio courts to him. The determination of jurisdiction by the Ohio court is *res judicata* and precludes a collateral attack on the judgment in the North Carolina courts. *Sherrer v. Sherrer, supra.*

We hold that the Ohio judgment in question is valid and entitled to full faith and credit in North Carolina.

Summary Judgment for the plaintiff on its action to enforce the Ohio judgment is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.