EARLE L. THOMAS, INDIVIDUALLY AND D/B/A THOMAS BROKERAGE COM-
PANY v. FROSTY MORN MEATS, INC.

(Filed 4 February, 1966.)

**1. Constitutional Law § 26;   Judgments § 44—**

In an action on a foreign judgment, such judgment must be given the same efficacy as it has in the jurisdiction rendering it, Constitution of the United States, Art. IV, § 1, and a duly authenticated transcript imports verity and validity with the presumption in favor of jurisdiction, and the burden is upon defendant to avoid the judgment by showing that the court rendering it had no jurisdiction as to the subject matter or of the person, or other vitiating matter.

**2. Process § 13;   Constitutional Law § 24—**

While ordinarily no judgment *in personam* can be rendered against a defendant not personally served with summons within the jurisdiction, this rule is not absolute, and there may be a valid substitute service upon a defendant having such contacts within the jurisdiction that such service does not offend "the traditional notions of fair play and substantial justice."

**3. Judgments § 44—**

This action was instituted by a nonresident on a judgment obtained by him in the state of his residence against a domestic corporation. The

record disclosed that defendant corporation was personally served with process beyond the territorial jurisdiction of the courts of plaintiffs' residence. *Held:* The record does not conclusively show that the *in personam* judgment was void for want of jurisdiction, but our courts must consider the judgment roll in the proceedings in that jurisdiction in the light of its laws and court decisions to determine whether that court acquired jurisdiction of defendant corporation by substitute service.

APPEAL by plaintiff from *Martin, S.J.,* May 1965 Session of LENOIR.

Civil action instituted in Lenoir County, North Carolina, on 6 August 1964, to recover on a foreign judgment. Plaintiff is a resident of the State of New York and defendant is a North Carolina corporation with its principal office located in Kinston, Lenoir County, North Carolina.

Plaintiff alleges *inter alia* that the Supreme Court of Westchester County, State of New York, rendered judgment on 16 April 1964 in an action entitled "EARLE L. THOMAS, INDIVIDUALLY AND D/B/A THOMAS BROKERAGE COMPANY, PLAINTIFF v. FROSTY MORN MEATS, INC., DEFENDANT," as follows:

"The Summons and Verified Complaint having been personally served on the defendant on the 24th day of January 1964, by H. C. BROADWAY, the Sheriff of Lenoir County, North Carolina, and the time of the defendant to appear and answer the Verified Complaint having expired; and the time in which the defendant could appear and answer the Verified Complaint not having been extended by stipulation or Order of Court and the defendant being wholly in default:

"Now, on motion of MORTON SINGER, the attorney for the plaintiff; it is

"ADJUDGED that EARLE L. THOMAS, individually and doing business as THOMAS BROKERAGE COMPANY . . . do recover from FROSTY MORN MEATS, INC., . . . the sum of $719.60 with interest amounting to $204.25 plus $36.00 costs as taxed amounting in all to the sum of $964.85 and that plaintiff have execution therefor."

Plaintiff further alleges that no part of the judgment debt has been paid, and prays that he recover of defendant the sum of $964.85 with interest thereon from 16 April 1964.

Defendant, answering, avers that the New York court acquired no jurisdiction of defendant, no valid service of process was made upon it, defendant made no voluntary appearance in the New York court, and the said judgment is void.

When the cause came on for trial, the parties stipulated "that no payment has been made on the purported judgment . . . and that in the complaint, which was duly verified by the plaintiff, in the action against the defendant in the Supreme Court of the State of New York . . . it was stated and alleged that the causes of action sued upon arose within the State of New York."

Plaintiff introduced in evidence "a duly certified copy" of the New York judgment and rested. Defendant moved for judgment of nonsuit. The motion was allowed.

Judgment was entered as follows:

". . . the only evidence being offered by the plaintiff was a certified copy of the (New York) Judgment . . .; and it appearing to the court from the face of said Judgment and from the pleadings filed herein that this action was brought upon a judgment *in personam* rendered in the Supreme Court of the State of New York, Westchester County; and it further appearing to the court from the face of said judgment that service of Process upon the defendant in the action in which the Judgment of the State of New York was rendered was made . . . by the Sheriff of Lenoir County.

"AND IT FURTHER APPEARING TO THE COURT, and the court so finds as a fact that no personal service of process upon the defendant has ever been made within the territorial jurisdiction of the Supreme Court of the State of New York, and that the judgment rendered by such Court without such service of process is not entitled to recognition in the courts of the State of North Carolina under the full faith and credit clause of the Constitution of the United States;

"Now, THEREFORE, IT IS CONSIDERED, ORDERED AND ADJUDGED, that the plaintiff take nothing by this action. . . ."

Plaintiff excepts and appeals.

*Clifton W. Paderick for plaintiff.*
*LaRoque, Allen & Cheek for defendant.*

MOORE, J. Article IV, section 1, of the Constitution of the United States commands that full faith and credit shall be given in each state to the judicial proceedings of every other state. And the acts of Congress, enacted pursuant to the power granted by that clause of the Constitution, direct that judgments shall have full faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken. *Dansby v. Insurance Co.*, 209 N.C. 127, 183

S.E. 521. Judgments of other states are put on the same footing as domestic judgments. *Webb v. Friedberg,* 189 N.C. 166, 126 S.E. 508; *Marsh v. R. R.,* 151 N.C. 160, 65 S.E. 911; *Miller v. Leach,* 95 N.C. 229. When a judgment rendered by a court of one state becomes the cause of action in a court of another state and the transcript made in the state of its rendition, duly authenticated as provided by the act of Congress (Title 28, USCA, § 1738; General Statutes of North Carolina, Appendix III), is produced, it imports verity and validity. *Levin v. Gladstein,* 142 N.C. 482, 55 S.E. 371.

In challenging a foreign judgment a defendant has the right to interpose proper defenses. He may defeat recovery by showing want of jurisdiction either as to the subject matter or as to the person of defendant. *Hat Co., Inc. v. Chizik,* 223 N.C. 371, 26 S.E. 2d 871; *Casey v. Barker,* 219 N.C. 465, 14 S.E. 2d 429; *Dansby v. Insurance Co., supra.* However, jurisdiction will be presumed until the contrary is shown. *Levin v. Gladstein, supra.*

In the case at bar the defense is that the New York court had no jurisdiction of defendant. It is elementary that unless one named as a defendant has been brought into court in some way sanctioned by law, or makes a voluntary appearance in person or by attorney, the court has no jurisdiction of the person and judgment rendered against him is void. *Powell v. Turpin,* 224 N.C. 67, 29 S.E. 2d 26. But want of jurisdiction of the person is an affirmative defense in a suit on a foreign judgment and the burden is on defendant to establish it, unless it affirmatively appears from plaintiff's pleadings or the judgment sued on that the court had no jurisdiction of defendant. *Casey v. Barker, supra.*

Defendant contends that the New York judgment shows on its face that there was no proper and legal service of summons. The court below adopted this view and nonsuited the action. The court concluded that the New York judgment is not entitled to faith and credit in North Carolina for the reason that it shows on its face "that no personal service of process upon the defendant has ever been made within the territorial jurisdiction of the Supreme Court of the State of New York."

"It is a general rule of constitutional law that no judgment *in personam* can, consistently with due process, be rendered against a nonresident without personal service of process upon him within the territorial jurisdiction of the court in which the suit is brought, and that a judgment rendered without such service of process is not entitled to recognition in the courts of other states under the full faith and credit clause." 30A Am. Jur., Judgments, § 265, p. 329. But this rule is not absolute. There is a decided trend in favor of *in personam* jurisdiction based on substituted service or personal service beyond

the territorial jurisdiction of the forum state. Most of the states have by statute so provided in certain circumstances, and the courts have held that such statutes do not violate due process; this is especially true in actions against foreign corporations. The Supreme Court of the United States, in *McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957) stated: "Since *Pennoyer v. Neff*, 95 U.S. 714, this Court has held that the Due Process Clause of the Fourteenth Amendment places some limit on the power of state courts to enter binding judgments aganist persons not served with process within their boundaries. But just where this line of limitations falls has been the subject of prolific controversy, particularly with respect to foreign corporations. In a continuing process of evolution this Court accepted and then abandoned 'consent,' 'doing business,' and 'presence' as the standard for measuring the extent of state judicial power over such corporations. See Henderson, the Position of Foreign Corporations in American Constitutional Law, c. V. More recently in *International Shoe Co. v. Washington*, 326 U.S. 310, the Court decided that 'due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "the traditional notions of fair play and substantial justice." ' *Id.*, at 316." In this connection see *Byham v. House Corp.*, 265 N.C. 50, 143 S.E. 2d 225.

The fact that defendant, a North Carolina corporation, was served with process beyond the territorial jurisdiction of the New York court is not, nothing else appearing, sufficient to establish want of jurisdiction of defendant by the New York court, as against the principle that jurisdiction will be presumed until the contrary is shown. The validity and effect of a judgment of another state must be determined by the laws of that state. *Dansby v. Insurance Co., supra.* It does not appear that the court below had before it the judgment roll and proceedings in the New York case nor that it considered the laws of New York, as interpreted by court decisions of that state, in passing upon the jurisdictional question. The basis upon which decision to nonsuit was placed, the service of summons outside the state of New York, is inconclusive in the light of the record before us. The defendant will have the opportunity, when the cause comes on again for hearing, to show, if it can, from the proceedings had in the New York court and the laws of that state that there was no legal and valid service of process.

Reversed.