MARY GILLIS, GUARDIAN AD LITEM FOR WILLIAM TODD WALLACE v. WHITLEY'S DISCOUNT AUTO SALES, INC.

No. 8320DC916

(Filed 4 September 1984)

1. **Rules of Civil Procedure § 56; Trial § 3.2— summary judgment hearing—denial of continuance—absence of retained counsel—hearing conducted by associate**

     The trial court did not err in denying defendant's oral motion for continuance of a summary judgment hearing made on the ground that defendant's retained counsel was scheduled to argue before the Supreme Court on the day of the hearing where the trial court decided that an associate who made the motion could properly represent defendant at the hearing; the associate had been actively involved in the case for a prolonged time; the associate did not argue his lack of authority as the ground for his motion for a continuance; and defendant had filed no affidavits or other materials showing that there was a genuine issue for trial or an affidavit under Rule 56(e) showing why it was unable to present the necessary opposing material.

2. **Rules of Civil Procedure § 56.1— summary judgment—affidavit filed on day of hearing**

     Although plaintiff's filing of an affidavit on the day of the hearing of a motion for summary judgment violated the technical requirements of G.S. 1A-1, Rule 6(d), admission of the affidavit was not prejudicial error where the information in the affidavit came as no surprise to defendant since defendant was put on notice by the summary judgment motion as to the contents of the affidavit, and the affidavit simply reiterated information defendant had gleaned on discovery.

3. **Appeal and Error § 4; Infants § 2.1— disaffirmance of minor's contract—defense of necessity not presented on appeal**

   In an action to disaffirm a minor's purchase of a car, since the affirmative defense that the car was a necessity was not pleaded or effectively argued before the trial court at a hearing on plaintiff's motion for summary judgment, it could not be raised for the first time on appeal.

4. **Infants § 2— contract by minor—right to disaffirm—misrepresentation as to age**

   A minor's misrepresentation of his age did not bar him from disaffirming his contract for the purchase of a car.

5. **Infants § 2.1— disaffirmance of minor's contract—recovery of consideration**

   When a minor disaffirms a contract, he may recover the consideration he has paid if he restores whatever part he still has of the benefit he received under the contract.

6. **Infants § 2.1— minor's disaffirmance of car purchase—recovery of down payment**

   A minor was entitled to recover the down payment on the purchase of a car after his disaffirmance of the purchase and return of the car to defendant dealer where the down payment came from his savings account containing his accumulated social security benefits.

7. **Infants § 2.1— minor's disaffirmance of car purchase—recovery of proceeds of bank loan—insufficient evidence**

   In an action to disaffirm a minor's purchase of a car, plaintiff's evidence on motion for summary judgment failed to show that the minor was entitled to recover the total proceeds of a bank loan used to purchase the car where plaintiff's materials failed to establish the minor's ongoing loan liability and the amount of the minor's payments on the loan.

APPEAL by defendant from *Burris, Judge.* Order entered 6 June 1983 in District Court, RICHMOND County. Heard in the Court of Appeals 11 May 1984.

*Page, Page & Webb, by Alden B. Webb, for plaintiff appellee.*

*Pittman, Pittman & Dawkins, P.A., by Donald M. Dawkins, for defendant appellant.*

BECTON, Judge.

From the denial of its motion for a continuance and the grant of summary judgment in favor of plaintiff in an action to disaffirm a minor's contract, defendant appeals.

On 21 August 1981, William Todd Wallace purchased a 1977 Datsun automobile from Whitley's Discount Auto Sales, Inc. (Whitley's) for $3,080. At the time, Wallace had just turned sixteen years old. Wallace paid $1,200 in cash from Social Security benefits and financed the remaining $1,880 with a car loan from Richmond County Bank. According to the credit application, Wallace was eighteen years old. Whitley's endorsed Wallace's credit application. After Wallace and the Datsun had been involved in two car accidents, Wallace returned the Datsun to Whitley's on 5 May 1982 and demanded payment of all monies paid.

When Whitley's did not return any of the purchase money, plaintiff, Mary Gillis, Wallace's guardian ad litem, brought this action on 15 June 1982 to disaffirm Wallace's contract with Whitley's, since it was entered into while Wallace was an unemancipated minor. In her amended Complaint, Gillis alleged that Wallace had "paid [Whitley's] $1,200.00 in cash and the balance of $1,880.00 was paid to [Whitley's] from proceeds of a loan to William Todd Wallace from Richmond County Bank. William Todd Wallace has paid $839.65 to Richmond County Bank on the loan." Gillis sought to recover treble damages in the amount of $9,240 for violations of N.C. Gen. Stat. § 75-1.1 (1981), the unfair or deceptive acts or practices statute. The treble damages figure was based on the total purchase price of $3,080.

On 24 May 1983, Gillis made a motion for partial summary judgment on all issues except the violations of G.S. § 75-1.1, and Whitley's attorney received notice of the motion. Whitley's did not respond with affidavits or as otherwise provided by N.C. Gen. Stat. § 1A-1, Rule 56 (1983). The motion for partial summary judgment was heard on 6 June 1983. Whitley's oral motion for a continuance was denied. At the hearing, Gillis abandoned the G.S. § 75-1.1 claim. The trial court ordered Whitley's to pay $3,080, the full purchase price of the Datsun, plus the costs of the action.

I

Whitley's contends, on appeal, that the trial court erred in (1) denying Whitley's motion for a continuance; (2) entering summary judgment on the issue of liability; and (3) awarding Wallace $3,080 in damages.

## II

[1]   On both 6 June 1983, the day of the hearing on the motion for summary judgment, and on the following day, 7 June 1983, Whitley's retained counsel, Donald M. Dawkins, was scheduled to argue before our Supreme Court. At the hearing on the motion, his associate, John Daniel, made an oral motion for a continuance until 8 June 1983. The trial court denied his motion. Whitley's argues on appeal that the trial court erred in denying its motion, since

> [i]n this case, Donald M. Dawkins, a senior member of Pittman, Pittman & Dawkins, P.A., was specifically retained by Appellant to handle the case in its entirety. The sole purpose of John Daniel, the associate, in meeting the 'calendar call' was to make a motion to continue until Wednesday morning, June 8, 1983. He was not authorized to proceed with the hearing on summary judgment. Furthermore, the senior member, Donald M. Dawkins, had no authority to delegate Appellant's case to such junior member as the delegation of a case to a junior member without the express consent of a client who has specifically chosen a senior member would be unethical.

We affirm.

The granting of a motion for a continuance is within the trial court's discretion and its exercise will not be reviewed absent a manifest abuse of discretion. *Jenkins v. Jenkins*, 27 N.C. App. 205, 218 S.E. 2d 518 (1975); 4A N.C. Gen. Stat. App. I (5), General Rules of Practice for the Superior and District Courts 3 (Supp. 1983). In reviewing the record we note that Daniel had been actively involved in the case for a prolonged period of time. In fact, from December 1982 until the hearing in June 1983, Daniel signed all documents filed on behalf of Whitley's and received all documents sent by Gillis. Under these circumstances, the trial court did not abuse its discretion in deciding that Daniel could properly represent Whitley's at the hearing. Further, as the trial court stated at the hearing:

> [S]ince it's basically a summary judgment, a question of law, I don't think there's anything—

MR. DANIEL: Thank you.

THE COURT: —that would be prejudiced by him not being here, that you can't properly present for him.

Moreover, Dawkins was certainly aware when notice of hearing was served on 24 May 1983 that he would be arguing in the Supreme Court on 6 and 7 June. He should have attempted to reschedule the hearing in advance, rather than risk the suggestion of a delay tactic on the day of the hearing. *See Austin v. Austin*, 12 N.C. App. 286, 183 S.E. 2d 420 (1971); *Jenkins.*

Whitley's argues that "[a] continuance for forty-eight hours would not seem to be an unreasonable delay in this case. Appellee's motion for summary judgment had been filed and served only twelve days although the case had been pending since June 22, 1982. . . ." G.S. § 1A-1, Rule 56(c) (1983) requires that a motion be served at least ten days before the date fixed for the hearing. Wallace complied with the notice requirement by serving the motion on 24 May 1983.

Further, it is clear from the transcript of the hearing that Daniel did not argue his own lack of authority as the grounds for his motion for a continuance. Instead, Daniel suggested that there were valid factual issues for the jury, but that he was unable to present the necessary opposing materials at the time.

On a motion for summary judgment the moving party has the burden of establishing that there is no genuine issue as to any material fact. G.S. § 1A-1, Rule 56(c) (1983); *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). Once the moving party has met its burden, the opposing party may not rest on the mere allegations or denials of his pleading. G.S. § 1A-1, Rule 56(e) (1983); *Steel Creek Dev. Corp. v. James*, 300 N.C. 631, 268 S.E. 2d 205 (1980). Instead, the opposing party must set forth specific facts showing that there is a genuine issue for trial, either by affidavits or as otherwise provided in G.S. § 1A-1, Rule 56 (1983). G.S. § 1A-1, Rule 56(e) (1983). If the opposing party is unable to present the necessary opposing material, he may seek the protection of G.S. § 1A-1, Rule 56(f) (1983), which gives the trial court the discretion to refuse the motion for judgment or order a continuance, if the opposing party states by affidavit the reasons why he is unable to present the necessary opposing material. Either an affidavit pursuant to G.S. § 1A-1, Rule 56(e) (1983) or an affidavit pursuant to G.S. § 1A-1, Rule 56(f) (1983) must be filed prior to

the day of hearing. G.S. § 1A-1, Rule 56(c) (1983); 10A C. Wright & A. Miller, *Federal Practice and Procedure* § 2740, at 531 (2d ed. 1983) (hereinafter cited as Wright & Miller) (Federal Rule 56 substantially the same).

However, Whitley's had filed no affidavits or other materials, as provided in G.S. § 1A-1, Rule 56(e) (1983) showing that there was a genuine issue for trial. Nor had Whitley's filed an affidavit pursuant to G.S. § 1A-1, Rule 56(f) (1983), enabling the trial court to refuse the motion for judgment or order a continuance.

We conclude that the trial court did not abuse its discretion in denying Whitley's motion for a continuance.

### III

[2]   On the day of the hearing on Wallace's summary judgment motion, Gillis filed the affidavit of Ruby Wallace, the minor's grandmother, who stated:

> That she is the grandmother of William Todd Wallace; that William Todd Wallace draws social security income by reason of the death of his father; that William Todd Wallace purchased an automobile from Whitley's Discount Auto Sales, Inc. in August, 1981; that the $1,200 down payment that William Todd Wallace paid to Whitley's Discount Auto Sales, Inc. came from a savings account derived from William Todd Wallace's social security income, and from no other source.

The trial court relied on Mrs. Wallace's affidavit in making its finding of fact No. 8:

> 8. That the $1,200.00 down payment paid by William Todd Wallace to defendant came from Social Security benefits paid to William Todd Wallace arising out of the death of said minor's father, as set forth in the affidavit presented.

Citing *Nationwide Mut. Ins. Co. v. Chantos*, 21 N.C. App. 129, 203 S.E. 2d 421 (1974), *rev'd on other grounds*, 293 N.C. 431, 238 S.E. 2d 597 (1977), *aff'd*, 298 N.C. 246, 258 S.E. 2d 334 (1979), Whitley's contends that the affidavit was inadmissible under G.S. § 1A-1, Rule 56(c) (1983), and, therefore, this Court should vacate and remand for a new hearing. We find the affidavit admissible.

In *Nationwide*, this Court held that G.S. § 1A-1, Rule 6(d) (1983) requires that an affidavit in support of a Rule 56 motion be

served with the motion at least ten days prior to hearing. This Court further held that the trial court may exercise its discretionary powers under G.S. § 1A-1, Rule 6(b) (1983) to order the time within which to file and serve the affidavits enlarged if the request is made prior to making the motion for summary judgment. If the request is made after the motion for summary judgment has been served, there must be a showing of excusable neglect. There is no evidence in the record to suggest that a request for enlargement of time was ever made. Although filing the affidavit on the day of the hearing violated the technical requirements of G.S. § 1A-1, Rule 6(d) (1983), nevertheless, on these facts, we find no prejudice in the admission of the affidavit. *Compare* 10A Wright & Miller, *supra*, § 2719, at 10-11 (no prejudice — failure to comply with notice requirement of Rule 56).

In Gillis' motion for summary judgment she stated:

In support of said motion, plaintiff shows unto the court the following:

* * *

5. The $1,200.00 in cash paid by plaintiff to defendant represented funds of the plaintiff and plaintiff will furnish proof of the ownership of such funds at the hearing.

Mrs. Wallace's affidavit provided the promised proof. Therefore, Whitley's was put on notice by Wallace's motion as to the contents of the proffered affidavit, namely, that Wallace was asserting ownership of the $1,200 down payment. Further, in Whitley's interrogatories, Whitley's asked, "If unemployed, by what means did William Todd Wallace acquire $1,200.00 for the down payment to defendant for a 1977 Datsun automobile?" Gillis replied, "From Social Security benefits William Todd Wallace receives by reason of his deceased father." The contents of Mrs. Wallace's affidavit simply reiterated the information Whitley's had gleaned in discovery.

In *Nationwide* the affidavit filed on the day of the hearing contained information which was being offered for the first time that day. This Court stressed, "If this practice were permitted, affidavits in support of a motion for summary judgment could always come as a surprise to the opposing party and would effectively deny the opposing party a chance to present affidavits in

opposition to the motion." *Nationwide*, 21 N.C. App. at 131, 203 S.E. 2d at 423-24.

The information in Mrs. Wallace's affidavit did not come as a surprise to Whitley's. Therefore, Whitley's was not denied the opportunity to file opposing affidavits. We conclude that the affidavit was admissible to support Wallace's motion for summary judgment and therefore that a new hearing is not warranted.

IV

Whitley's argues that the trial court erred in granting summary judgment on the issue of liability when there were legitimate issues of fact as to (1) whether the car was a necessity, and (2) whether Wallace perpetrated a fraud on Whitley's by misrepresenting his age. We affirm.

[3] Under the common-law rule, the conventional contracts of a minor are voidable, except those for necessaries and those authorized by statute. *Nationwide Mut. Ins. Co. v. Chantos*, 293 N.C. 431, 238 S.E. 2d 597 (1977); *Gastonia Personnel Corp. v. Rogers*, 276 N.C. 279, 172 S.E. 2d 19 (1970). The minor or his legal representative is free to disaffirm the minor's contract either during his minority or within a reasonable time after the minor reaches majority. *Id.* Whitley's did not plead the affirmative defense that the car was a necessary in its Answer, as required by N.C. Gen. Stat. § 1A-1, Rule 8(c) (1983). It is true that this Court recently held that "[u]npled affirmative defenses may be heard for the first time on motion for summary judgment even though not asserted in the answer at least where both parties are aware of the defense." *Dickens v. Puryear*, 45 N.C. App. 696, 698, 263 S.E. 2d 856, 857-58 (1980), *rev'd on other grounds*, 302 N.C. 437, 276 S.E. 2d 325 (1981).

In *Dickens*, counsel for both sides had fully briefed and argued the unpled affirmative defense before the trial court. Daniel simply raised the affirmative defense at the hearing, "[t]here's a question of fact as to whether or not the car was a necessity. . . ." He submitted no brief to the trial court. He was unprepared to argue before the trial court the specific facts comprising the unpled affirmative defense. Since the affirmative defense that the car was a necessity was not pleaded or effectively argued before the trial court, it cannot be raised for the first time on appeal.

*Gilbert v. Thomas*, 64 N.C. App. 582, 307 S.E. 2d 853 (1983). Whitley's should have avoided this result by submitting an affidavit under G.S. § 1A-1, Rule 56(e) (1983) stating the specific facts supporting its affirmative defense or by submitting an affidavit under G.S. § 1A-1, Rule 56(f) (1983), stating the reasons why it could not present the necessary opposing material as discussed in II, *supra.*

**[4]**  Although pleaded as a defense, Whitley's second argument for vacating the summary judgment, Wallace's fraudulent misrepresentation of his age, also fails. A minor's representation of his age does not bar him from disaffirming his contract. *Greensboro Morris Plan Co. v. Palmer*, 185 N.C. 109, 116 S.E. 261 (1923); *Carolina Interstate Bldg. & Loan Ass'n v. Black*, 119 N.C. 323, 25 S.E. 975 (1896); *see also* Annot., 29 A.L.R. 3d 1270 (1970). Therefore, Wallace's allegedly fraudulent misrepresentation of his age was not a valid defense to Wallace's action to disaffirm his contract.

We hold that the trial court did not err in granting summary judgment on the issue of liability. Necessaries and fraudulent misrepresentation were not issues of fact in this action, for the reasons stated above.

V

Whitley's argues that even "[i]f [Wallace] was entitled to summary judgment as to liability . . . $3,080.00 was not the appropriate measure of damages."

On a motion for summary judgment the moving party has the burden of establishing the absence of any issue of material fact. G.S. § 1A-1, Rule 56(c) (1983). On the issue of damages, Gillis failed to meet her burden to establish Wallace's entitlement to $3,080, the full purchase price. We reverse in part and remand.

**[5]**  When a minor disaffirms a contract, he may recover the consideration *he* has paid, if he restores whatever part he still has of the benefit he received under the contract. *Fisher v. Taylor Motor Co.*, 249 N.C. 617, 107 S.E. 2d 94 (1959). In *Fisher*, the minor's father gave the minor part of the purchase price for the car; the minor was entitled to recover the purchase price less the amount his father had paid. Consequently, in this case, Wallace is entitled

to the consideration he personally has paid, since he has returned the damaged car to Whitley's.

[6]    Gillis submitted her pleadings, Whitley's answers to her interrogatories, Wallace's credit application, and Mrs. Wallace's affidavit in support of her motion for summary judgment. In Gillis' original and amended unverified complaints she alleged:

> On or about August 21, 1981, William Todd Wallace entered into a contract with defendant for the purchase of a 1977 Datsun automobile for the total price of $3,080.00. William Todd Wallace paid to defendant $1,200.00 in cash and the balance of $1,880.00 was paid to defendant from proceeds of a loan to William Todd Wallace from Richmond County Bank. William Todd Wallace has paid $839.65 to Richmond County Bank on the loan.

Whitley's admitted in its answers to Gillis' interrogatories that it had received $1,200 in cash from William Todd Wallace. Mrs. Wallace stated in her affidavit that the $1,200 cash payment came from her grandson's, William Todd Wallace's, savings account, which contained his accumulated social security benefits. Therefore, Gillis did establish that the $1,200 in cash belonged to William Todd Wallace. Since Whitley's did not present opposing materials to contest Wallace's ownership of the $1,200 cash payment or file a G.S. § 1A-1, Rule 56(f) (1983) affidavit to delay the hearing, Gillis was entitled to recover the $1,200 as a matter of law. G.S. § 1A-1, Rule 56(c) (1983).

[7]    However, Gillis has failed to show that Wallace is entitled to the $1,880 in bank loan proceeds as a matter of law. In Gillis' unverified complaints she alleged that Wallace had entered into an $1,880 loan agreement with Richmond County Bank. She further alleged that Wallace had paid $839.65 on the loan. Whitley's admitted in its answers to Gillis' interrogatories that it had received $1,880 of the purchase price from the Richmond County Bank, as evidenced by Wallace's credit application. None of the materials submitted on the motion for summary judgment establish Wallace's ongoing loan liability conclusively, especially in light of Wallace's credit application and Whitley's answers to Gillis' interrogatories, which reveal Whitley's liability as an endorser. Gillis' unverified complaint alone is insufficient to establish Wallace's loan payments. See 10A Wright & Miller, supra,

§ 2722, at 46 & n. 3. Moreover, from the pleadings it is even unclear whether Wallace is current on his loan payments. Since Gillis has not met her burden, Whitley's is free to rely on the "mere allegations or denials of [its] pleading." G.S. § 1A-1, Rule 56(e) (1983). In its Answer, Whitley's alleged as

> a further answer and second defense, defendant alleges that a large part of the purchase monies paid on the 1977 Datsun was not the property of the plaintiff but of other parties and/or corporations not parties to this lawsuit; and that such sums, the plaintiff is not entitled to recover from the defendant.

As a minor, Wallace is only entitled to recover the consideration he personally has paid or is continuing to pay under a valid loan agreement; he is not entitled, as a matter of law, to the total loan liability he originally incurred. *Fisher.* A minor is not entitled to a windfall. He is merely to be made whole. Therefore, the trial court erred in awarding Gillis the full loan amount, $1,880, on summary judgment, based on the materials presented in support of the motion.

We reverse in part and remand to the trial court for further proceedings consistent with this decision.

## VI

In conclusion, we find that the trial court did not err in denying Whitley's motion for a continuance and in granting Gillis' motion for summary judgment on the issue of liability, but did err in awarding damages of $3,080 on summary judgment.

Reversed in part and remanded.

Judges WELLS and JOHNSON concur.