VALERIA LUST v. FOUNTAIN OF LIFE, INCORPORATED, A FOREIGN CORPORATION, AND BARBARA JUNE STEVENS

No. 923SC322

(Filed 18 May 1993)

**Judgments § 619 (NCI4th) — foreign judgment — enforcement — presumption of full faith and credit**

The trial court correctly allowed plaintiff's motion to enforce a Florida judgment pursuant to the Uniform Enforcement of Foreign Judgments Act and ordered that the Florida judgment be given full faith and credit where the judgment creditor introduced into evidence, without objection, the contents of the court file, which included the judgment entered against defendants in Florida, a certificate from the clerk of court certifying the judgment, and a certificate from a judge certifying that the person named was the clerk of court, that he was the keeper of the records, and that his attestation was in due form of law and by the proper officer. This evidence entitled the judgment creditor to a presumption that the Florida judgment was entitled to full faith and credit; once this presump-

tion was established, defendants were required to bring forth evidence to rebut the presumption of validity and plaintiff was not required to bring forth evidence that none of the defenses available to defendant were valid. N.C.G.S. §§ 1C-1701 to -1708.

**Am Jur 2d, Judgments § 930.**

Appeal by defendants Fountain of Life, Incorporated, and Jimmy B. Whittington from order entered 14 August 1991 in Pitt County Superior Court by Judge Dexter Brooks. Heard in the Court of Appeals 9 March 1993.

*Law Offices of Marvin Blount, Jr., by James F. Hopf and Sharron R. Edwards, for plaintiff-appellee.*

*Stubbs, Perdue, Chesnutt, Wheeler & Clemmons, P.A., by Robert D. Wheeler, and Robert G. Bowers, Attorney at Law, by Robert G. Bowers, for defendant-appellants.*

GREENE, Judge.

Defendants Jimmy B. Whittington (Whittington) and Fountain of Life, Incorporated (Fountain of Life) appeal from the trial court's order granting plaintiff Valeria Lust's motion to enforce a Florida judgment against defendants pursuant to the Uniform Enforcement of Foreign Judgments Act (the Act).

Plaintiff filed an amended petition for injunction and other appropriate relief in the Tenth Judicial Circuit Court of Polk County, Florida, on 8 September 1988. The petition alleged that defendants and others had, through undue influence, induced plaintiff to transfer money and real property to defendants. Plaintiff moved for a default judgment against Whittington, and a default judgment was entered on 7 September 1989. Final judgment was entered against all defendants on 14 February 1990.

Plaintiff seeks, pursuant to the Act, to enforce the Florida judgment against Whittington and Fountain of Life in North Carolina. Plaintiff filed a copy of the Florida judgment against defendants with the Clerk of Superior Court, Pitt County, on 25 February 1991, accompanied by an attestation from and seal of the Clerk of the Circuit Court, Tenth Judicial District, Polk County, Florida, that the copy was a true and correct copy of the original judgment and an attestation from a judge of that court that the Clerk was

the proper custodian of the judgment. Defendants filed notices of defenses on 27 March 1991, stating that the Florida judgment could not be enforced against them because the Florida court which granted the judgment lacked jurisdiction over them. Plaintiff made a motion to enforce the judgment on 22 May 1991. At the hearing on that motion, plaintiff tendered, without objection from defendants, the contents of the case file, which included the authenticated copy of the Florida judgment. On 19 August 1991, the trial court entered an order granting the plaintiff's motion to enforce the judgment and ordered that the Florida judgment was entitled to full faith and credit in North Carolina.

---

The dispositive issue is whether in an action to enforce a foreign judgment under Article 17, Chapter 1C of the General Statutes, in the absence of any evidence from the judgment debtor, the introduction of a properly authenticated foreign judgment entitles the foreign judgment to full faith and credit.

Article 17, Chapter 1C of the General Statutes (the Act) provides one method whereby plaintiffs may seek the enforcement in North Carolina of judgments from other states. N.C.G.S. §§ 1C-1701 to -1708 (1991). The Act requires that the judgment creditor file with the clerk of superior court a "copy of [the] foreign judgment authenticated in accordance with an act of Congress or the statutes of this State." N.C.G.S. § 1C-1703(a). After filing a properly authenticated copy of the foreign judgment, the judgment creditor must then give notice of the filing to the judgment debtor. N.C.G.S. § 1C-1704(a). If the judgment debtor takes no action within thirty days of receipt of the notice to delay enforcement of the judgment, "the judgment will be enforced in this State in the same manner as any judgment of this State." N.C.G.S. § 1C-1704(b). To delay enforcement of the judgment, the judgment debtor may "file a motion for relief from, or notice of defense to," the judgment on grounds as permitted in the Act. N.C.G.S. § 1C-1705(a).

Upon the filing of such a motion, enforcement of the judgment is stayed until the judgment creditor "move[s] for enforcement of the foreign judgment." N.C.G.S. § 1C-1705(b). If a motion for enforcement is filed, a hearing will be held and the trial court will determine if the "foreign judgment is entitled to full faith and credit." *Id*. The burden of proof on the issue of full faith and credit is on the judgment creditor, and the hearing will be

LUST v. FOUNTAIN OF LIFE, INC.

[110 N.C. App. 298 (1993)]

conducted in accordance with the Rules of Civil Procedure. *Id.* The introduction into evidence of a copy of the foreign judgment, authenticated pursuant to Rule 44 of the Rules of Civil Procedure, establishes a presumption that the judgment is entitled to full faith and credit. *See Thrasher v. Thrasher*, 4 N.C. App. 534, 540, 167 S.E.2d 549, 553 (1969); *Thomas v. Frosty Morn Meats, Inc.*, 266 N.C. 523, 526, 146 S.E.2d 397, 400 (1966). This presumption can be rebutted by the judgment debtor upon a showing that the rendering court did not have subject matter jurisdiction, did not have jurisdiction over the parties, that the judgment was obtained by fraud or collusion, that the defendant did not have notice of the proceedings, or that the claim on which the judgment is based is contrary to the public policies of North Carolina. *Morris v. Jones*, 329 U.S. 545, 550-51, 91 L. Ed. 488, 495-96 (1947); *Webster v. Webster*, 75 N.C. App. 621, 623, 331 S.E.2d 276, 278, *disc. rev. denied*, 315 N.C. 190, 337 S.E.2d 864 (1985); *White v. Graham*, 72 N.C. App. 436, 440, 325 S.E.2d 497, 499, 500 (1985); N.C.G.S. § 1C-1708.

In this case, at the hearing before the trial court, the judgment creditor introduced into evidence, without objection, the contents of the court file, which included the judgment entered against the defendants in Florida. Attached to the judgment was a certificate signed by E.D. Dixon, Clerk of the Circuit Court for Polk County, Florida, certifying that the judgment was "a true and correct copy of the FINAL JUDGMENT AGAINST DEFENDANTS" which was "filed and recorded . . . on the 19TH day of FEBRUARY, A.D. 1990 . . . and now appearing of record in OFFICIAL RECORD BOOK 2825 at page 1151 in the Public Records of Polk County, Florida." Attached to the certificate was the clerk's seal. Additionally, attached to the judgment was a certificate signed by Oliver L. Green, Jr., Judge of the Circuit Court, Tenth Judicial Circuit, Polk County, Florida. Judge Green certified that E.D. Dixon "is Clerk of the Circuit Court of Polk County, Florida, and keeper of the records and seal thereof, duly elected and qualified to office; . . . and that his said attestation is in due form of law and by the proper officer."

Because the copy of the judgment, as an official record, was "attested by the officer having the legal custody of the record . . . and accompanied with a certificate [from a judge of a court of record of the political subdivision in which the record is kept] that such officer has the custody," it was thus properly authenticated consistent with Rule 44. N.C.G.S. § 1A-1, Rule 44(a) (1990).

This evidence entitled the judgment creditor to a presumption that the Florida judgment was entitled to full faith and credit. Once this presumption was established, the plaintiff was not required, as the defendants suggest, to bring forth evidence that none of the defenses available to defendants were valid. Rather, the defendants were required to bring forth evidence to rebut the presumption of validity. The defendants offered no such evidence. Thus the trial court correctly ordered that the plaintiff's motion to enforce the judgment be allowed and ordered that the Florida judgment be given full faith and credit.

Affirmed.

Chief Judge ARNOLD and Judge McCRODDEN concur.