SEAL POLYMER INDUSTRIES-BHD, Plaintiff v. MED-EXPRESS, INC., USA, Defendant

No. COA11-1101

(Filed 7 February 2012)

**Judgments—foreign—full faith and credit—presumption not rebutted**

The trial court did not err by denying defendant's motion for relief from a foreign judgment and enforcing a judgment from an Illinois court. Defendant failed to rebut the presumption that the Illinois judgment was entitled to full faith and credit.

Appeal by defendant from order entered 21 June 2011 by Judge Alan Z. Thornburg in Buncombe County Superior Court. Heard in the Court of Appeals 23 January 2012.

*Robert J. Deutsch, P.A., by Tikkun A.S. Gottschalk, for plaintiff-appellee.*

*Stephen Barnwell, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant Med-Express, Inc., USA appeals from an order denying its motion for relief from a foreign judgment and enforcing a 14 March 2011 judgment from an Illinois court. For the following reasons, we affirm the order of the trial court.

On 11 December 2009, plaintiff, Seal Polymer Industries-BHD, filed a complaint in the Circuit Court of Cook County, Illinois, to collect a debt in the amount of $104,000.00, plus interest and costs, from defendant related to the sale of two freight containers of latex gloves. Defendant informed plaintiff that, rather than filing an answer, it would not make an appearance based on its belief that it had no contacts with Illinois and would attack the judgment based on personal jurisdiction in the event that plaintiff thereafter tried to enforce the judgment in North Carolina. Defendant also sent a letter to this effect to the Clerk of Cook County, Illinois, and to the trial court judge, the Honorable Judge Ronald Bartkowicz. Judge Bartkowicz ultimately entered an order, which contained no written findings of fact, awarding $104,040.00 to plaintiff on 14 March 2011.

Plaintiff filed a Notice of Filing Foreign Judgment and a copy of the Illinois judgment in Buncombe County Superior Court on 3 May

2011 pursuant to N.C.G.S. § 1C-1704, along with an affidavit from its attorney affirming that the judgment is final and unsatisfied. Defendant filed a Motion for Relief from Foreign Judgment and Notice of Defense. After a hearing, the superior court denied defendant's motion for relief and ruled that the Illinois judgment is enforceable under N.C.G.S. §§ 1C-1701 through 1C-1705. Defendant appeals.

---

The sole issue on appeal is whether the trial court erred in denying defendant's Motion for Relief from Foreign Judgment and Notice of Defense and concluding that the Illinois judgment is enforceable in North Carolina.

Defendant first contends its Motion for Relief contained evidence which rebutted the presumption that the foreign judgment was enforceable, and consequently, the trial court erred in enforcing the foreign judgment. We disagree.

Under N.C.G.S. § 1C-1705(a), a "judgment debtor may file a motion for relief from, or notice of defense to, [a] foreign judgment . . . on [any ground] for which relief from a judgment of this State would be allowed." N.C. Gen. Stat. § 1C-1705(a) (2011). The judgment creditor has the burden of proving that the foreign judgment is entitled to full faith and credit in North Carolina. N.C. Gen. Stat. § 1C-1705(b) (2011). In a proceeding for enforcement of a foreign judgment, the introduction into evidence of an authenticated copy of the judgment establishes a presumption that it is entitled to full faith and credit. *Lust v. Fountain of Life, Inc.*, 110 N.C. App. 298, 301, 429 S.E.2d 435, 437 (1993). The judgment debtor may rebut this presumption "upon a showing that the rendering court did not have . . . jurisdiction over the parties." *Id.* The judgment creditor, however, is not required to bring forth any evidence to show that no defenses available to the debtor are valid. *Id.* at 302, 429 S.E.2d at 437. "[W]hen a judgment of a court of another state is challenged on the grounds of jurisdiction . . . there is a presumption the court had jurisdiction until the contrary is shown." *Thrasher v. Thrasher*, 4 N.C. App. 534, 540, 167 S.E.2d 549, 553 (1969).

In the instant case, plaintiff had the burden of proving that the foreign judgment is entitled to full faith and credit. Plaintiff met this burden by attaching an authenticated copy of the Illinois judgment to its Notice of Filing Foreign Judgment. Thus, defendant needed to present evidence to rebut the presumption that the judgment is enforceable by asserting a defense under N.C.G.S. § 1C-1705(a). In its Motion for Relief from Foreign Judgment and Notice of Defense,

defendant failed to present any evidence or assert any factual allegations which would support a finding that the Illinois court lacked personal jurisdiction. Rather, defendant merely stated that it was incorporated under North Carolina law, had its principal place of business in North Carolina, and that it had "no minimum contacts with the State of Illinois." This conclusory statement alone is insufficient to establish the affirmative defense of lack of personal jurisdiction. *See Ft. Recovery Indus., Inc. v. Perry*, 57 N.C. App. 354, 356-57, 291 S.E.2d 329, 331 (1982). Therefore, defendant has failed to rebut the presumption that the Illinois judgment is entitled to full faith and credit.

Defendant next contends the foreign judgment is not enforceable because neither the Illinois order, nor the North Carolina order enforcing it, include findings of fact. We disagree.

Illinois judgments are valid if they state the name of the defendant and amount of the judgment; they do not need to contain findings of fact to be enforceable. *See Bell Discount Corp. v. Pete Weck's Auto Serv., Inc.*, 124 N.E.2d 674, 675 (Ill. App. Ct. 1st Dist. 1954). In North Carolina, "[e]ither party may request that the trial court make findings regarding personal jurisdiction, but in the absence of such request, findings are not required." *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615, 532 S.E.2d 215, 217, *appeal dismissed and disc. review denied*, 353 N.C. 261, 546 S.E.2d 90 (2000). "Where no [written] findings are made, proper findings are presumed," and therefore, "our role on appeal is to review the record for competent evidence to support these presumed findings." *Id.* at 615, 532 S.E.2d at 217-18. The admission of an authenticated copy of the Illinois judgment established a presumption that there was no defect in personal jurisdiction, which defendant was then required to rebut. As discussed above, defendant failed to introduce factual evidence that the Illinois trial court lacked personal jurisdiction over it because it merely recited that it was a North Carolina corporation that did not have "minimum contacts" with Illinois. Therefore, because defendant has not rebutted the presumption that there was personal jurisdiction in the instant case, we hold that the trial court did not err in enforcing the Illinois judgment.

Affirmed.

Judges McGEE and CALABRIA concur.