TYSON, Judge.
 

 *649
 
 Robert J. Spoloric ("Defendant") appeals from order granting enforcement of a foreign judgment rendered in favor of Michael J. Rossi and James D. Rossi ("Plaintiffs"). We affirm.
 

 I. Background
 

 On 20 February 2014, Plaintiffs filed a complaint against Defendant in the Court of Common Pleas of Westmoreland County, Pennsylvania ("the Pennsylvania Complaint"). Plaintiffs alleged Defendant had failed to re-pay the sum of $49,000.00 plus interest as evidenced by two promissory notes allegedly executed by him.
 

 The Pennsylvania Complaint listed a Kitty Hawk, North Carolina address for Defendant. The Pennsylvania Complaint and summons was sent via certified mail to Defendant at the North Carolina address. Defendant was sent a "Notice of Defend" concomitantly with the complaint and summons, advising him to take action within 20 days after service of the notice and complaint, or to risk a default judgment.
 

 Defendant physically received the Pennsylvania Complaint and summons on 5 March 2014. Defendant failed to file any defenses or otherwise respond to the Pennsylvania Complaint. On 22 May 2014, Plaintiffs filed a "Praecipe to enter a default judgment" which directed the "Prothonotary of Westmoreland County, Pennsylvania ... to enter a Judgment in favor of [Plaintiffs] and against [Defendant]." Judgment was entered against Defendant in the amount of $68,499.26 plus the cost of the suit and interest on the principle debt at a rate of 10% per annum beginning on 22 May 2014 ("the Pennsylvania Judgment").
 

 *650
 
 On 22 July 2014, Plaintiffs filed a "Notice of Filing of Foreign Judgment" with the Dare County Superior Court. This Notice of Filing was served on Defendant by the Dare County Sheriff's Department on 28 July 2014. More than thirty days later, on 28 August 2014, Defendant filed a motion for relief, notice of defenses to the foreign judgment, and motion for stay.
 

 Defendant asserted three defenses to enforcement of the foreign judgment: (1) insufficiency
 
 *651
 
 of service upon Defendant of the pleadings in the case from which the foreign judgment originated; (2) lack of personal jurisdiction of Defendant in the foreign state and court; and (3) lack of competent evidence offered in support of the foreign judgment. Defendant did not file any affidavits in support of the motion.
 

 On 20 November 2014, Plaintiffs noticed a hearing on Defendant's motion for relief, notice of defenses to foreign judgment and motion for stay. The notice set the hearing date over two months later for 26 January 2015.
 

 Three days before the hearing, on 23 January 2015, Defendant served an amended motion for relief, notice of defenses to foreign judgment, and motion for stay on Plaintiff's counsel. The motion was filed with the court on 26 January 2015. The amended motion limited Defendant's defenses to the lack of personal jurisdiction over Defendant in the foreign state and court.
 

 Also on 23 January 2015, Defendant served a motion to continue on Plaintiffs' counsel. The motion was filed with the court on the hearing date of 26 January 2015, the day of the scheduled hearing. In the motion, Defendant's counsel stated he anticipated offering the live testimony of Defendant, but asserted a "business conflict had arisen with Defendant" that required him to fly to Miami, Florida on the day of the hearing.
 

 The motion to continue stated after he learned of the scheduling conflict, Defendant's attorney assisted Defendant in filing an affidavit in support of his motion for relief, notice of defenses and motion for stay. The affidavit was also served on Plaintiffs' counsel on 23 January 2015.
 

 A hearing was held on Defendant's motion and defense on 26 January 2015. At the hearing, the trial court denied Defendant's motion to continue. Defendant made an oral motion to introduce the affidavit served on Plaintiffs' counsel on 23 January 2015 into evidence. The trial court denied Defendant's motion.
 

 Defendant's counsel then argued the Pennsylvania Judgment was not entitled to full faith and credit, on the grounds the Pennsylvania
 
 *651
 
 court lacked personal jurisdiction over Defendant at the time the judgment was entered. Defendant presented no evidence to support this argument. Following arguments of counsel, the trial court found "there is a valid ... judgment, and that [Plaintiffs] ha[ve] met the presumption" of correctness in a foreign judgment.
 

 Following the hearing, the court issued a written order on 3 February 2015: (1) denying Defendant's motion to continue; (2) denying Defendant's oral motion to allow Defendant's affidavit; and (3) ordering the Pennsylvania Judgment to be entered and entitled to full faith and credit, and as enforceable under the laws of the State of North Carolina in the same manner as any judgment in this State.
 

 Defendant gave timely notice of appeal on 24 February 2015.
 

 II. Issues
 

 Defendant argues the trial court erred by: (1) denying his motion to continue; (2) denying his motion to introduce his affidavit; and (3) concluding as a matter of law the foreign judgment is entitled to full faith and credit and is enforceable pursuant to the laws of the State of North Carolina. We address each of Defendant's arguments
 
 seriatim.
 

 III. Motion to Continue
 

 Defendant argues the trial court erred by denying his motion to continue. He asserts the denial of his motion deprived him of the opportunity to be heard, resulting in a violation of substantial justice. We disagree.
 

 A. Standard of Review
 

 "We review a trial court's resolution of a motion to continue for abuse of discretion."
 
 State v. Morgan,
 

 359 N.C. 131
 
 , 143,
 
 604 S.E.2d 886
 
 , 894 (2004) (citation omitted). Before ruling on a motion to continue, "the judge should hear the evidence pro and con, consider it judicially and then rule with a view to promoting substantial justice."
 
 Shankle v. Shankle,
 

 289 N.C. 473
 
 , 483,
 
 223 S.E.2d 380
 
 , 386 (1976). The moving party has the burden of proof of showing sufficient grounds to justify a continuance.
 

 Id.
 

 at 482
 
 ,
 
 223 S.E.2d at 386
 
 .
 

 An abuse of discretion "results where the court's ruling is manifestly unsupported by
 
 *652
 
 reason or is so arbitrary that it could not have been the result of a reasoned decision."
 
 State v. Hennis,
 

 323 N.C. 279
 
 , 285,
 
 372 S.E.2d 523
 
 , 527 (1988) (citation omitted).
 
 *652
 

 B. Analysis
 

 On 20 November 2014, Plaintiffs filed a notice to bring Defendant's motion for relief, notice of defenses and motion for stay for a hearing, to be held over two months later on 26 January 2015. Three days before the scheduled hearing, Defendant served a motion to continue on 23 January 2015. The motion was not filed until 26 January 2015, the day of the hearing. At the 26 January 2015 hearing, the trial court considered Plaintiffs' and Defendant's arguments regarding the relative merits of continuing the hearing to accommodate Defendant's flight schedule.
 

 Evidence tends to show Defendant knew the hearing would be held on 26 January 2015 on or about 20 November 2015, when Plaintiffs sent notice of the hearing. Defendant was provided more than two month's advance notice to schedule his attendance at the hearing. Viewed within the timeline of this case, Defendant has failed to show, and we do not find, the denial of his motion to continue was "so arbitrary that it could not have been the result of a reasoned decision."
 
 Hennis,
 

 323 N.C. at 285
 
 ,
 
 372 S.E.2d at 527
 
 .
 

 Defendant made his decision of the relative priorities and risks of either attending the long scheduled and previously noticed hearing or attending to his out of state business. Defendant's assignment of error is overruled.
 

 IV. Motion to Introduce Defendant's Affidavit
 

 Defendant contends the trial court erred in denying his motion to introduce his affidavit. We disagree.
 

 A. Standard of Review
 

 As with a motion to continue, a trial court's evidentiary rulings "are subject to appellate review for an abuse of discretion, and will be reversed only upon a finding that the ruling was so arbitrary that it could not be the result of a reasoned decision."
 
 Lord v. Customized Consulting Specialty, Inc.,
 

 182 N.C.App. 635
 
 , 644-45,
 
 643 S.E.2d 28
 
 , 32,
 
 disc. review denied,
 

 361 N.C. 694
 
 ,
 
 652 S.E.2d 647
 
 (2007) (citation omitted).
 

 B. Analysis
 

 The North Carolina Rules of Civil Procedure control actions to enforce foreign judgments. N.C. Gen.Stat. § 1C-1705(b) (2013). Pursuant to Rule 6(d), a party filing an affidavit in support of his or her motion shall serve it contemporaneously with the motion:
 

 *653
 
 A written motion ... and notice of the hearing thereof
 
 shall be served not later than five days before
 
 the time specified for the hearing, unless a different period is fixed by these rules or by order of the court.... When a motion is supported by affidavit, the
 
 affidavit shall be served
 
 with the motion[.]
 

 N.C. Gen.Stat. § 1A-1, Rule 6(d) (2013) (emphasis supplied).
 

 Any motion for the enlargement of time in which an act, such as the filing of an affidavit, is to be done must be made prior to the expiration of the period originally prescribed:
 

 When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged
 
 if request therefor is made before the expiration of the period originally prescribed
 
 [.] ... Upon motion made after the expiration of the specified period, the judge
 
 may
 
 permit the act to be done where the failure to act was the result of excusable neglect.
 

 N.C. Gen.Stat. § 1A-1, Rule 6(b) (2013) (emphasis supplied).
 

 "Clearly, Rule 6(b) gives the trial court wide discretionary authority to enlarge the time within which an act may be done."
 
 Nationwide Mut. Ins. Co. v. Chantos,
 

 21 N.C.App. 129
 
 , 130,
 
 203 S.E.2d 421
 
 , 423 (1974). In this case, Defendant made no request for enlargement of time within to file and serve the affidavit prior to or along with the filing of his motion for relief, notice of defenses and motion for stay. "If the request for enlargement of time is made after the expiration of the period of time within which the act should have been done, there
 
 *653
 
 must be a showing of excusable neglect."
 
 Id.
 
 at 131,
 
 203 S.E.2d at 423
 
 .
 

 Defendant's oral motion to allow consideration of his affidavit asserted an "unanticipated sequence of events" transpired, which required the filing of an affidavit in lieu of live testimony. Presuming, without deciding, this assertion shows excusable neglect, the decision to enlarge the time still rested within the sound discretion of the trial court, which will not be disturbed absent a showing of an abuse of discretion.
 

 Defendant argues the trial court failed to follow this Court's decision in
 
 *654
 

 Gillis v. Whitley's Disc. Auto. Sales, Inc.,
 

 70 N.C.App. 270
 
 ,
 
 319 S.E.2d 661
 
 (1984) which would compel the trial court to allow the introduction of his late-filed affidavit. In
 
 Gillis,
 
 a contract dispute arose between plaintiff and defendant.
 
 Id.
 
 at 272,
 
 319 S.E.2d at 662
 
 . The defendant moved for partial summary judgment and a hearing was scheduled.
 

 Id.
 

 On the day of the hearing, the plaintiff filed an affidavit, which was relied upon by the trial court in making its findings of fact and conclusions of law.
 
 iD.
 
 at 275, 319 S.E.2D at 665.
 

 On appeal, the defendant contended the affidavit was inadmissible under N.C. R. Civ. P. 56(c), and admission of the affidavit was error.
 
 Id.
 
 This Court disagreed and noted a "trial court may exercise its
 
 discretionary powers
 
 under [N.C. Gen.Stat.] § 1A-1, Rule 6(b) [ ] to order the time within which to file and serve the affidavits enlarged if the request is made prior to making the motion[.]"
 
 Id.
 
 at 276,
 
 319 S.E.2d at 665
 
 (emphasis supplied). The court held that while the filing of the affidavit on the day of the hearing "violated the technical requirements" of Rule 6(d), defendant was not prejudiced and the affidavit was admissible.
 

 Id.
 

 Gillis
 
 is distinguishable from these facts. In
 
 Gillis
 
 , the trial court exercised its discretion to allow the admission of the late-filed affidavit.
 

 Id.
 

 In this case, however, the trial court exercised its discretion to deny the admission of the late-filed affidavit. As noted
 
 supra,
 
 the decision to enlarge the time allowed to take an act after the time prescribed has past, such as the filing of an affidavit, is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion.
 
 Id.
 
 Defendant has not shown, and we do not find, the trial court's refusal to allow Defendant's motion to introduce his affidavit "was so arbitrary that it could not be the result of a reasoned decision."
 
 Lord,
 

 182 N.C.App. at 644-45
 
 ,
 
 643 S.E.2d at 32
 
 . Defendant's argument is overruled.
 

 V. Enforceability of the Foreign Judgment
 

 Defendant argues the trial court erred by concluding the Pennsylvania Judgment is entitled to full faith and credit and is enforceable as any judgment rendered in this State. He argues Pennsylvania lacked personal jurisdiction over him, barring enforcement of the judgment in this State.
 

 A. Standard of Review
 

 In questions of personal jurisdiction, this Court "considers only 'whether the findings of fact by the trial court are supported by competent evidence in the record; ... we are not free to revisit questions of credibility or weight that have already been decided by the trial court.' "
 

 *655
 

 Deer Corp. v. Carter,
 

 177 N.C.App. 314
 
 , 321,
 
 629 S.E.2d 159
 
 , 165 (2006) (citation omitted). "If the findings of fact are supported by competent evidence, we conduct a
 
 de novo
 
 review of the trial court's conclusions of law and determine whether, given the facts found by the trial court, the exercise of personal jurisdiction would violate defendant's due process rights."
 
 Id.
 
 at 321-22,
 
 629 S.E.2d at 165
 
 . Objections to personal jurisdiction may be waived by agreement, neglect or failure to timely object.
 
 See
 

 Nat'l Equip. Rental, Ltd. v. Szukhent,
 

 375 U.S. 311
 
 , 315,
 
 84 S.Ct. 411
 
 , 414,
 
 11 L.Ed.2d 354
 
 , 358 (1964) ("[P]arties to a contract may agree in advance to the jurisdiction of a given court");
 
 Montgomery v. Montgomery,
 

 110 N.C.App. 234
 
 , 238-39,
 
 429 S.E.2d 438
 
 , 440 (1993) (quoting
 
 Jones v. Brinson,
 

 238 N.C. 506
 
 , 509,
 
 78 S.E.2d 334
 
 , 337 (1953) ) ("Essentially, a defendant's consent constitutes his waiving personal jurisdiction where the courts would not otherwise be able to exercise personal jurisdiction. The defendant 'may consent to the jurisdiction of the court without exacting performance of the usual legal formalities as to service of
 
 *654
 
 process' because those legal formalities are a personal privilege which the defendant is free to relinquish.").
 

 B. Analysis
 

 The Uniform Enforcement of Foreign Judgments Act ("the Act"), N.C. Gen.Stat. § 1C-1701
 
 et seq.
 

 ,
 
 provides "one method whereby plaintiffs may seek the enforcement in North Carolina of judgments from other states."
 
 Lust v. Fountain of Life, Inc.,
 

 110 N.C.App. 298
 
 , 300,
 
 429 S.E.2d 435
 
 , 436 (1993) (citation omitted). Pursuant to the Act, a judgment creditor must file with the clerk of superior court a "copy of [the] foreign judgment authenticated in accordance with an act of Congress or the statutes of this State." N.C. Gen.Stat. § 1C-1703(a) (2013). The introduction into evidence of a copy of the foreign judgment, authenticated pursuant to Rule 44 of the Rules of Civil Procedure, establishes a presumption that the judgment is entitled to full faith and credit.
 
 Lust,
 

 110 N.C.App. at 300
 
 , 429 S.E.2d at 436.
 

 "In challenging a foreign judgment a defendant has the right to interpose proper defenses. He may defeat recovery by showing want of jurisdiction either as to the subject matter or as to the person of defendant. However, jurisdiction will be presumed until the contrary is shown."
 
 Thomas v. Frosty Morn Meats, Inc.,
 

 266 N.C. 523
 
 , 525,
 
 146 S.E.2d 397
 
 , 400 (citations omitted). "In the absence of such proof, the judgment will be presumed valid."
 
 Wachovia Bank & Trust Co., N.A. v. Chambless,
 

 44 N.C.App. 95
 
 , 100,
 
 260 S.E.2d 688
 
 , 692 (1979) (citing
 
 Dansby v. Insurance Co.,
 

 209 N.C. 127
 
 , 134,
 
 183 S.E. 521
 
 , 525 (1936) ).
 

 *656
 
 Here, Plaintiffs filed a properly authenticated copy of the Pennsylvania Judgment with the Clerk of Superior Court of Dare County on 22 July 2014. This filing established a presumption for Plaintiffs that the judgment is valid and entitled to full faith and credit. At the hearing, Defendant's attorney conceded Plaintiffs had complied with the statutory requirements for filing and service of the Pennsylvania Judgment.
 

 After the initial showing by Plaintiffs and the presumption was raised, the burden rested on Defendant to interpose defenses and present proof to show the judgment was invalid.
 
 Thomas,
 

 266 N.C. at 525
 
 ,
 
 146 S.E.2d at 400
 
 . Defendant "needed to present evidence to rebut the presumption that the judgment is enforceable by asserting a defense under [N.C. Gen.Stat.] § 1C-1705(a)."
 
 Seal Polymer Indus.-BHD v. Med-Express, Inc., USA,
 

 218 N.C.App. 447
 
 , 448,
 
 725 S.E.2d 5
 
 , 6-7 (2012). Defendant failed to file an affidavit with his motion for relief from judgment, notice of defenses and motion for stay in compliance with Rule 6(d) of the Rules of Civil Procedure, failed to seek an enlargement of time to file the affidavit, and failed to present any evidence at the 26 January 2015 hearing to rebut the presumption of validity.
 

 At the 26 January 2015 hearing, Defendant's counsel argued the Pennsylvania courts lacked personal jurisdiction over Defendant. However, it "is axiomatic that the arguments of counsel are not evidence."
 
 Basmas v. Wells Fargo Bank, N.A.,
 
 --- N.C.App. ----, ----,
 
 763 S.E.2d 536
 
 , 539 (2014) (quoting
 
 State v. Roache,
 

 358 N.C. 243
 
 , 289,
 
 595 S.E.2d 381
 
 , 411 (2004) ). These "conclusory statement[s] alone [are] insufficient to establish the affirmative defense of lack of personal jurisdiction."
 
 Seal Polymer Indus.-BHD,
 

 218 N.C.App. at 449
 
 ,
 
 725 S.E.2d at 7
 
 .
 

 Defendant failed to present any evidence, either through a properly and timely filed sworn affidavit, or through evidence or testimony under oath at the hearing, to overcome the presumption that the Pennsylvania Judgment was entitled to full faith and credit. Defendant's argument is overruled.
 

 VI. Conclusion
 

 Defendant failed to show the trial court abused its discretion by denying Defendant's motion to continue. Defendant failed to proffer, and we do not find, any showing that the trial court's decision was "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision."
 
 Hennis,
 

 323 N.C. at 285
 
 ,
 
 372 S.E.2d at 527
 
 . Defendant was provided more than two months prior notice of the scheduled hearing on his motions and defenses
 
 *655
 
 and chose not to be present at the hearing.
 
 *657
 
 Defendant's proposed affidavit failed to comply with Rule 6(d) of the North Carolina Rules of Civil Procedure. Defendant has failed to show the trial court abused its discretion in denying Defendant's oral motion to introduce his late-filed affidavit in the absence of his personal appearance.
 

 Defendant's counsel's arguments regarding Pennsylvania's lack of personal jurisdiction over Defendant were not evidence. Defendant failed to present any evidence to overcome the presumption that the properly filed Pennsylvania Judgment is entitled to full faith and credit. The hearing was free from errors Defendant preserved and argued. The judgment of the trial court is affirmed.
 

 AFFIRMED.
 

 Judges STROUD and DIETZ concur.